PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

WILLKIE FARR & GALLAGHER LLP
Mark T. Stancil (admitted *pro hac vice*)
Joshua S. Levy (admitted *pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
mstancil@willkie.com
jlevy@willkie.com

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| THE DUGABOY INVESTMENT TRUST,<br><br>Appellant,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br>*et al.,*<br><br>Appellees. | Case No. 3:26-cv-02315-X |

## HIGHLAND CAPITAL MANAGEMENT, L.P. AND THE HIGHLAND CLAIMANT TRUST'S MOTION TO DESIGNATE RELATED CASE

Pursuant to Federal Rule of Bankruptcy Procedure 8003 and Local Civil Rule 3.3, appellees Highland Capital Management, L.P. ("HCMLP") and the Highland Claimant Trust (together with HCMLP, "Highland"), by and through its

undersigned counsel, hereby moves (the "Motion") to designate the above-captioned action *The Dugaboy Investment Trust v. Highland Capital Management, L.P., et al.*, Case No. 3:26-cv-02315-X (N.D. Tex.) (the "Rule 60(b) Appeal") as related to *The Dugaboy Investment Trust v. Highland Capital Management, L.P., et al.*, Case No. 3:25-cv-01876-K (N.D. Tex.) (the "Rule 9019 Appeal"; together with the Rule 9019 Appeal, the "Appeals"), which is currently pending before Judge Ed Kinkeade in this District. In support of its Motion, Highland states as follows:

1.      The Rule 60(b) Appeal must be designated as a related case to the Rule 9019 Appeal, and the Rule 60(b) Appeal should therebefore be reassigned to Judge Kinkeade. Both appeals arise from the Bankruptcy Court's June 2025 approval of a settlement pursuant to Bankruptcy Rule 9019 (the "Rule 9019 Settlement"; Dkt. No. 4216).[1] The Dugaboy Investment Trust ("Dugaboy"), which is not a party to the settlement, objected. (Dkt. No. 4230.) After extensive discovery and an all-day evidentiary hearing, the Bankruptcy Court overruled Dugaboy's objection and approved the Rule 9019 Settlement (the "Rule 9019 Order"; Dkt. No. 4297). Dugaboy appealed the Rule 9019 Order, which was assigned to Judge Kinkeade, and the Rule 9019 Appeal is both fully briefed on the merits and the subject of a fully briefed motion to dismiss on Bankruptcy Code Section 363(m)

---

[1] References to "Dkt." refer to the docket in the underlying bankruptcy case, *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj11 (Bankr. N.D. Tex.), unless otherwise indicated.

statutory mootness grounds. The Rule 9019 Appeal is currently administratively stayed, pending Judge Kinkeade's ruling on the fully briefed motion to dismiss.

2.    In February 2026—nine months after entry of the 9019 Order—Dugaboy filed in the Bankruptcy Court a motion to reconsider and/or vacate the Rule 9019 Order pursuant to Rule 60(b) (the "Rule 60(b) Motion"; Dkt. No. 4513). The Bankruptcy Court authorized still further discovery, conducted a three-day evidentiary hearing, and then denied the motion in a written decision on June 15, 2026 (the "Rule 60(b) Decision"; Dkt. Nos. 4678–79). Then, on June 29, 2026, Dugaboy filed both a notice of appeal of the Rule 60(b) Decision (Dkt. No. 4685) and a motion pursuant to Rule 59(e) asking the Bankruptcy Court to reconsider the Rule 60(b) Decision based on alleged "manifest error" by the Bankruptcy Court (the "Rule 59(e) Motion"; Dkt. No. 4684). On July 10, 2026, the Bankruptcy Court denied the Rule 59(e) Motion. (Dkt. No. 4689.) By the express terms of Bankruptcy Rule 8002(b)(2), the notice of appeal of the Rule 60(b) Decision that Dugaboy filed alongside its Rule 59(e) Motion became effective immediately upon the Bankruptcy Court's denial of the Rule 59(e) Motion.

3.    Dugaboy has thus filed two Appeals before this District challenging the very same underlying Rule 9019 Settlement. The Appeals are plainly "related cases," but are not designated as such. This Court's instructions to the civil cover sheet provide:

**Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.[2]

4.      All four bases for relatedness are satisfied here because Dugaboy and Highland are parties to both Appeals, both Appeals challenge the same 9019 Settlement based on substantially similar legal and factual bases, and both Appeals are bankruptcy appeals involving the HCMLP estate. *Cf.* Local Civ. R. 3.3(b)(3) (defining "related case" to include action that "arises from a common nucleus of operative fact with the case being filed or removed, regardless whether the related case is a pending case"). Dugaboy did not prepare the civil cover sheet for the Rule 60(b) Appeal so it was instead completed by the Clerk's Office, which lacked the information necessary to make a relatedness determination.  Highland's counsel promptly brought this to Dugaboy's attention yesterday, but Dugaboy did not agree that the Appeals are related, opposes this Motion, and has not yet filed any notice of related case. *See* Local Civ. R. 3.3(a), (c).

WHEREFORE, Highland respectfully requests that this Court enter an order (1) designating the Rule 60(b) Appeal as related to the Rule 9019 Appeal,

---

[2] *Available at* https://www.txnd.uscourts.gov/sites/default/files/documents/CIVRULES.pdf.

(2) reassigning the Rule 60(b) Appeal to Judge Kinkeade, and (3) granting Highland

such additional relief as may be just and proper.

[*Remainder of Page Intentionally Blank*]

-6-

Dated:       July 15, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         jkroop@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expwy, Ste. 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

**WILLKIE FARR & GALLAGHER LLP**

Mark T. Stancil (admitted *pro hac vice*)
Joshua S. Levy (admitted *pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
mstancil@willkie.com
jlevy@willkie.com

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that, on July 14–15, 2026, Mark T. Stancil, counsel for Highland, corresponded with Michael Edney, counsel for Dugaboy, regarding the relief requested in the foregoing Motion. Dugaboy's counsel opposed the relief requested in the Motion.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

## CERTIFICATE OF COMPLIANCE

1.  This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains 825 words.

2.  This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, typeface Times New Roman, 14-point type (12-point type of footnotes).

*/s/ Zachery Z. Annable*
Zachery Z. Annable

## CERTIFICATE OF SERVICE

I hereby certify that, on July 15, 2026, a true and correct copy of the foregoing Motion was served electronically via the Court's CM/ECF system upon all parties receiving electronic notice in this case.

*/s/ Zachery Z. Annable*
Zachery Z. Annable