**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| THE DUGABOY INVESTMENT TRUST,<br><br>     Appellant,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P. *et al.*,<br><br>     Appellees. | Case No. 3:26-cv-02315-X |
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br><br>     Debtor. | Chapter 11<br><br>Case No. 19-34054 (SGJ) |

**THE DUGABOY INVESTMENT TRUST'S OPPOSITION TO HIGHLAND CAPITAL MANAGEMENT, L.P., AND THE HIGHLAND CLAIMANT TRUST'S MOTION TO <u>DESIGNATE RELATED CASE</u>**

Appellant The Dugaboy Investment Trust ("Dugaboy") respectfully opposes Appellees Highland Capital Management, L.P. and The Highland Claimant Trust's Motion to Designate Related Case and request for reassignment of the presiding judge (Dkt. 2).

## I.    INTRODUCTION

Highland's motion is neither fish nor fowl.  It is styled as a "motion to designate" a "related case."  Highland's motion title does not highlight what it is really seeking:  For the Court to reassign the case to another judge and effectively consolidate it with another pending appeal.  That is an odd request for Highland to make, as it has steadfastly opposed consolidation or common assignment to one judge of appeals stemming from this bankruptcy in the past.

Highland's Motion should be denied as both unnecessary and improper. Highland's request to reassign this appeal creates the appearance that it seeks a judge of its own choosing, and it does not contend that obtaining a "related" designation will accomplish anything else. But nothing in the applicable federal or local civil rules or bankruptcy rules requires or even allows a "related" designation to trigger a reassignment of the presiding judge. To the contrary, this Division's longstanding rule requires random assignment of judges, reflecting a strong policy against assignment practices that create the appearance of judge-shopping and undermine public confidence in the judiciary. Granting Highland's request will not serve that purpose.

Furthermore, Highland's recitation of the record is oddly inaccurate and incomplete. Highland attempts to suggest that Dugaboy has somehow concealed information about the other pending appeal by failing to file a JS-44 Civil Cover Sheet. No rule or practice requires Dugaboy to file that form. Instead, in this appeal as in the other pending appeal and multiple previous appeals from the same bankruptcy case, the Bankruptcy Clerk has completed the Civil Cover Sheets on its own initiative. The Bankruptcy Clerk was never unaware of the other appeal.

Finally, Highland's bid to combine a relatedness designation with reassignment to a different judge is a *de facto* request for consolidating the two appeals, which comes only months after Highland strenuously and successfully argued against consolidation of multiple district-court appeals from the same bankruptcy case. Back then, Highland argued that each of the appeals had to be adjudicated separately because they arose from different bankruptcy orders at different times from non-identical parties on considerably different evidentiary records.[1] And the District Court accepted Highland's arguments, keeping all the appellate proceedings separate. The same is true today, where the current appeal from the bankruptcy court's denial of Dugaboy's Federal Civil Rule 60(b) Motion for Relief from Order and Motion to Vacate comes nearly a year after the pending appeal from the bankruptcy court's approval of Highland's settlement under Bankruptcy Rule 9019 and includes a very different record with considerable new evidence developed from a separate discovery process and a three-day evidentiary hearing that were unavailable during the 9019 proceeding and are not part of the record for that appeal, in which merits briefing is already complete. Reassignment will not gain any advantage of judicial economy given that Judge Kinkeade would have to expend time and effort reviewing a new and voluminous record just as this Court will do.

Highland's Motion should be denied so that Dugaboy may receive what Highland already has successfully argued for when it saw it desirable—consideration of this separate appeal on its own distinct record before a randomly-assigned judge.

## II.    BACKGROUND

The underlying bankruptcy case in this appeal was filed in 2019, and the reorganization

---

[1] Patrick Daugherty is an appellant in the Rule 9019 appeal before Judge Kinkeade but is not a party to the Rule 60(b) proceedings or this appeal.

plan was confirmed in 2021. *See In re Highland Capital L.P.*, N.D. Tex. Bankr. Case No. 19-34054-sgj, Dkt. 1943. On June 30, 2025, following discovery and an evidentiary hearing, the bankruptcy court granted Highland's motion to approve a settlement pursuant to Bankruptcy Rule 9019. Dugaboy appealed that ruling to the district court, and that appeal is now pending before Judge Kinkeade as No. 3:25-cv-01876-K ("1876-K case"). Both the appeal and a related motion to dismiss have been fully briefed, and Judge Kinkeade has administratively stayed and closed the motion to dismiss for statistical purposes (not the appeal itself, as Highland incorrectly suggests (Dkt. 2 at 3)). *See* 1876-K case Dkt. 66 (March 26, 2026, electronic order).

Between August and October of 2025, Dugaboy filed three other appeals to the district court from the Highland bankruptcy proceeding. In the instant appeal, as in each of the other appeals, the bankruptcy clerk's office completed a JS-44 Civil Cover Sheet which includes a question about related cases. Dkt. 1; *see* Ex. A, 1876-K Dkt. 1 (pending appeal before Judge Kinkeade); Ex. B, Case No. 3:25-cv-02072-S, Dkt. 1 at 2 (August 5, 2025) (appeal pending before Judge Scholer); Ex. C, Case No. 3:25-cv-02579-B (appeal to Judge Boyle, now on appeal to Fifth Circuit as Case No. 26-10012); Ex. D, Case No. 3:25-cv-02724-L, Dkt. 1 at 3 (October 7, 2025) (appeal pending before Judge Lindsay). The bankruptcy clerk identified several prior appeals as "related" on the cover sheet for the 1876-K appeal but left that line blank on the cover sheets for this appeal and each of the other three pending appeals. At no point did the bankruptcy clerk ask Dugaboy to complete a JS-44 cover sheet or otherwise ask it to provide any information about potentially related cases,

In late 2025, Dugaboy moved to consolidate the other three then-pending appeals into the Rule 9019 appeal in the 1876-L case before Judge Kinkeade. 1876-K case Dkt. 39. Highland vigorously objected to the proposed consolidation. *See* Ex. E, 1876-K case Dkt. 43 (Highland's

October 30, 2025, opposition to consolidation).  In doing so, Highland opposed consolidation before one judge of appeals of an order approving the settlement in question pursuant to Bankruptcy Rule of Procedure 9019 and an order denying a motion to stay that settlement approval order, filed just 17 days later.  *Compare* Case No. 25-cv-1876-K *with* Case No. 3:25-cv-02072-S. Judge Kinkeade denied the motion to consolidate on November 18, 2025. 1876-K case Dkt. 48 (electronic order).

On February 9, 2026, Dugaboy filed its Motion for Relief from Order and Motion to Vacate pursuant to Federal Civil Rule 60(b), in which it sought to vacate the order of June 30, 2025, approving the settlement under Bankruptcy Rule 9019. Bankr. Dkt. 4513. The Rule 60(b) motion, necessarily, depended on intervening evidence that was not on the record leading to the June 2025 order approving the settlement.  The parties took discovery (including depositions) and presented documentary evidence and witness testimony in a three-day evidentiary hearing on May 11–12 and 21, 2026. Bankr. Dkts. 4630, 4637, 4674.

On June 15, 2026, the bankruptcy court denied Dugaboy's Rule 60(b) motion. Bankr. Dkt. 4679. That order is the basis for this appeal.

On June 29, 2026, Dugaboy filed a motion asking the bankruptcy court to reconsider its Order denying the Rule 60(b) motion. Bankr. Dkt. 4684. On the same date, to preserve its appellate rights as authorized under Federal Bankruptcy Rule 8002(b), Dugaboy filed its Notice of Appeal from the bankruptcy court's June 15, 2026, denial of Dugaboy's Rule 60(b) motion. Bankr. Dkt. 4685.

On July 10, 2026, the bankruptcy court entered an order denying Dugaboy's motion to reconsider the Rule 60(b) order. Bankr. Dkt. 4689. Pursuant to Bankruptcy Rule 8002(b)(1) and (2), and as provided in the bankruptcy court's order, Dugaboy's Notice of Appeal became effective

upon the entry of that order on July 10, 2026.

On July 13, 2026, the bankruptcy clerk's office filed a "Notice of Transmittal" for the instant appeal which included a JS-44 Civil Cover Sheet completed by the clerk's office. Bankr. Dkt. 4694.

## III.   ARGUMENT

### A.  Highland's request creates the appearance of improper judge-shopping.

Highland cites no authority allowing the designation of another case as "related" to trigger reassignment to the presiding judge in the other case, and no such authority exists. To the contrary, the reassignment proposed by Highland is disfavored because it raises the appearance of improper judge-shopping.

It is the longstanding law of the Fifth Circuit that a party has no right to have its case heard by a judge of its own choosing. *McCuin v. Texas Power & Light Co.,* 714 F.2d 1255, 1262 (5th Cir. 1983); *Brown v. United States*, 116 Fed. Appx. 526, 527 (5th Cir. 2004).

In this Division, civil cases are assigned to district judges by randomized draw. N.D. Tex. Dallas Division Special Order No. 3-359 (April 13, 2026), *available at* https://www.txnd.uscourts.gov/sites/default/files/orders/SO3-359.pdf.

The randomized assignment system reflects the strong policy interest in avoiding assignment practices that may convey the appearance of judge-shopping and undermine public confidence. "By engaging in judge-shopping, parties contravene the very purpose of random assignment, which is to prevent judge-shopping by any party, thereby enhancing public confidence in the assignment process." *Coates v. Saia Motor Freight Line, LLC*, No. 3:20-CV-25, 2020 WL 1812020, at *2 n.4 (N.D. Miss. April 8, 2020) (quoting *Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*, 341 F. Supp. 2d 69, 72–73 (D.P.R. 2004) (cleaned up)); *see United States v. Osum*, 943

F.2d 1394, 1400–01 (5th Cir. 1991) ("[A] random allotment system or practice would appear to serve the purposes of distributing the case load among the judges and of fostering selection of the tribunal in a neutral manner rather than at the behest of one party or the other.").

In *In re Triplett*, 645 B.R. 196 (E.D. Tex. 2022),[2] the plaintiffs sought reassignment of several adversary proceedings to another judge in the same division who was presiding over the bankruptcy main case. *Id*. at 198–99. The court denied the request, declaring that the proposed reassignment to a different judge in the same division was "unusual" and "raise[d] concerns about judge-shopping." *Id*. at 199. It noted that the proposed transfer "creates the unacceptable possibility of attempted judge shopping by litigants." *Id*. at 202. *Triplett* did not find that the litigants were *actually* judge-shopping, and Dugaboy seeks no such finding here. *See id*. Rather, the mere "possibility" or "concern" of judge-shopping suffices to deny Highland's reassignment request. *See id*. at 199, 202.

**B. The Bankruptcy Court, not Dugaboy, was responsible for the Civil Cover Sheet.**

Contrary to Highland's insinuation, Dugaboy has not withheld "information necessary to make a relatedness determination" from the bankruptcy clerk. Dkt. 2 at 4. Nothing in Local Civil Rule 3.3(a) or (c) or any other authority requires an appellant such as Dugaboy to submit a JS-44 Civil Cover Sheet. Local Rule 3.3 refers only to a "plaintiff" filing a "complaint" in the district court, and it does not purport to govern appeals from the bankruptcy court.

Furthermore, in this appeal as in the last several prior appeals from the same bankruptcy case, it has been the consistent practice of the bankruptcy clerk to complete the Civil Cover Sheets on its own initiative after notices of appeal became effective.[3]  In none of these appeals has the

---

[2] *Triplett* is from the Eastern District of Texas, but the undersigned have not located any contrary Northern District authority on the points discussed here.

[3] *See* Dkt. 1, Notice of Transmittal at 5 (July 13, 2026) (this appeal); Ex. A, Case No. 3:25-cv-

clerk's office ever instructed Dugaboy to complete the JS-44 Civil Cover Sheet or otherwise asked it to provide information about potential related proceedings.

Nor did the bankruptcy clerk "lack[] information" necessary to a relatedness determination. Dkt. 2 at 4. The bankruptcy clerk already knew that this appeal, like the four prior ones, arose from the same underlying Highland Capital bankruptcy case. *See In re Highland Capital L.P.*, N.D. Tex. Bankr. Case No. 19-34054-sgj. And the bankruptcy clerk clearly believes it has sufficient information to fill in the "Related Case" information on the JS-44 cover sheet, because it identified several earlier "related" appeals on the cover sheet for the Rule 9019 appeal before Judge Kinkeade (Ex. A) but left the "Related Case" line blank on the cover sheets for this appeal and the other three prior ones.  Dkt. 1; *see* Exs. B, C, D.

More importantly, in none of those cases did the bankruptcy clerk ask the District Court to combine the appeals or assign them to particular judges or in any other way depart from this Division's normal randomized draw procedure. And there is no authority and no reason for this Court to do that now.

### C. Reassignment Is Contrary to Highland's Positions Adopted by the Court Earlier in the Bankruptcy and Will Not Serve Judicial Economy.

Although Highland does not purport to seek to "consolidate" this appeal with the Rule 9019 appeal before Judge Kinkeade, its request for a determination of relatedness combined with reassignment to Judge Kinkeade would result in a *de facto* consolidation. Yet only months ago, Highland strenuously and successfully opposed a motion to consolidate the other three then-

---

01876-K, Dkt. 1, Notice of Transmittal at 5 (July 17, 2025) (appeal from Rule 9019 order now pending before Judge Kinkeade); Ex. B, Case No. 3:25-cv-02072-S, Dkt. 1 at 2 (August 5, 2025) (appeal pending before Judge Scholer); Ex. C, Case No. 3:25-cv-02579-B (appeal to Judge Boyle, now on appeal to Fifth Circuit as Case No. 26-10012); Ex. D, Case No. 3:25-cv-02724-L, Dkt. 1 at 3 (October 7, 2025) (appeal pending before Judge Lindsay).

pending appeals into Judge Kinkeade's case. *See* Ex. E, 1876-K Case Dkt. 43, Highland's October 30, 2025, Opposition to Dugaboy's Motion to Consolidate, at 2 (opposing consolidation because the four appeals "concern unrelated Orders that resolved different motions involving different legal standards, different parties, and vastly different records"); *id*. at 4 (accusing Dugaboy of "push[ing]" consolidation for the "apparent and improper purpose of combining everything into a 'witches brew' in an attempt to uniformly contaminate what are plainly independent Appeals").

Back then, Highland argued that it would be "severely prejudice[d]" by combining the appeals, and insisted that "each Appeal [b]e heard under the proper legal standard and on the basis of a record limited to the items admitted into evidence or considered by the Bankruptcy Court in connection with each Order." *Id*. at 4; *see id*. at 19 (invoking its "right" to have "to have the Appeals of unique, separate orders determined on the basis of unique, separate records").

Highland's arguments against consolidation or assignment to a common judge involved two appeals much more closely related than the appeals Highland now seeks to join together. When Highland was arguing against consolidation, one of the appeals was to the order approving a settlement between multiple Highland entities and the Hunter Mountain Investment Trust. *See* Case No. 25-cv-1876-K (appealing order approving settlement entered on June 30, 2025). Another of the appeals was to an order denying a motion to stay that very same settlement approval order, filed just 17 days thereafter and bringing to the Court's attention new developments meriting a pause. *See* Case No. 3:25-cv-02072-S (appealing order denying stay of settlement approval order entered on July 21, 2025 (Bankr. Dkt. 4333)). Those two orders were much more joined in time and subject matter and events than those at issue here. But Highland successfully opposed their consolidation nonetheless.

The same arguments militate against reassigning the instant appeal to combine with Judge

8

Kinkeade's pending appeal. This appeal from the bankruptcy court's June 15, 2026, denial of Dugaboy's Federal Civil Rule 60(b) Motion for Relief from Order and Motion to Vacate comes nearly a year after the pending appeal in the 1876-K proceeding from the bankruptcy court's June 30, 2025, approval of Highland's settlement under Bankruptcy Rule 9019. A major premise of the Rule 60(b) proceeding appealed to this Court was the presentation of "newly discovered evidence," and it comes to this Court with a different appellate record based on new documentary evidence and witness testimony that Dugaboy developed from discovery and in a three-day evidentiary hearing. None of this was included in the record for Judge Kinkeade's appeal, in which merits briefing is already complete.

Given the different and voluminous record, reassignment of the Rule 60(b) appeal to Judge Kinkeade would not benefit judicial economy because it would require him to spend considerable time familiarizing himself with new material just as this Court must do. The merits of the appeal before Judge Kinkeade and its related motion to dismiss have already been fully briefed. *See Triplett*, 645 B.R. at 204 ("Some effort would be required, at minimum, to become familiar with the status of these adversaries. This duplication of effort would be wasteful of judicial resources and detrimental to judicial economy. Furthermore, it is unclear what, if any, administrative difficulties would be avoided by reassignment.") (internal citations omitted). Consolidation would entail standing up a new merits briefing process challenging the newly appealed order, on a separate evidentiary record, just as it would here.

## IV.   CONCLUSION

The Court should deny Highland's request for reassignment of the presiding judge as improper and its Motion to Designate Related Case as unnecessary.

Dated: July 16, 2026                         Respectfully submitted,


                                             /s/ *Michael J. Edney*
                                             Michael J. Edney
                                             D.C. Bar No. 492024
                                             MORGAN, LEWIS & BOCKIUS LLP
                                             1111 Pennsylvania Avenue, NW
                                             Washington, D.C. 20004
                                             T. (202) 739-3000
                                             F. (202) 739-3001
                                             michael.edney@morganlewis.com

                                             Martha B. Stolley (*pro hac vice*)
                                             New York Bar No. 2965374
                                             MORGAN, LEWIS & BOCKIUS LLP
                                             101 Park Ave.
                                             New York, NY 10178-0060
                                             T. (212) 309-6000
                                             F. (212) 309-6001
                                             martha.stolley@morganlewis.com

                                             Avery Joseph Welker
                                             Texas Bar No. 24137706
                                             MORGAN, LEWIS & BOCKIUS LLP
                                             1000 Louisiana Street, Suite 4000
                                             Houston, TX 77002
                                             T. (713) 890-5000
                                             F. (713) 890-5001
                                             avery.welker@morganlewis.com

                                             Geoffrey S. Harper
                                             Texas Bar No. 00795408
                                             gharper@kslaw.com
                                             John Michael Gaddis
                                             Texas Bar No. 24069747
                                             mgaddis@kslaw.com
                                             KING & SPALDING LLP
                                             2601 Olive Street, Suite 2300
                                             Dallas, TX 75201
                                             (214) 764-4600

                                             *Counsel for The Dugaboy Investment Trust*


                                             10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 16, 2026, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/ Michael J. Edney*
Michael J. Edney

## CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains 2,816 words.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, typeface Times New Roman, 14-point type (12-point type in footnotes).

*/s/ Michael J. Edney*
Michael J. Edney

11