PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz
John A. Morris
Gregory V. Demo
Jordan A. Kroop
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

WILLKIE FARR & GALLAGHER LLP
Mark T. Stancil (admitted *pro hac vice*)
Joshua S. Levy (admitted *pro hac vice*)
1875 K Street, N.W.
Washington, DC 20006
(202) 303-1000
mstancil@willkie.com
jlevy@willkie.com

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expwy, Ste. 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br>Reorganized Debtor. | Chapter 11<br>Case No. 19-34054-sgj11 |
| THE DUGABOY INVESTMENT TRUST,<br>Appellant,<br>v.<br>HIGHLAND CAPITAL MANAGEMENT, L.P. et al.,<br>Appellees. | Case No. 3:26-cv-02315-X |

**HIGHLAND CAPITAL MANAGEMENT, L.P. AND THE HIGHLAND CLAIMANT TRUST'S OPPOSITION TO THE DUGABOY INVESTMENT TRUST'S MOTION TO CERTIFY PENDING APPEAL TO THE FIFTH CIRCUIT UNDER 28 U.S.C. § 158(d)(2)(A)**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................ 1

RELEVANT BACKGROUND ...................................................................... 5

ARGUMENT ........................................................................................... 10

I. THE QUESTIONS PRESENTED FOR CERTIFICATION WERE NOT PRESERVED FOR APPEAL. ........................................................ 10

II. DUGABOY FAILS TO SATISFY THE REQUIREMENTS FOR DIRECT APPEAL TO THE FIFTH CIRCUIT. ........................................ 13

A. The Bankruptcy Court's Rule 60(b) Decision Does Not Involve A "Matter Of Public Importance." ................................................... 14

B. Direct Appeal Will Not Materially Advance The Progress Of The Case. ........................................................................................ 19

CONCLUSION ......................................................................................... 22

## TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Banister v. Davis*,
590 U.S. 504 (2020) .......... 8

*Estate of Brown v. 1 Glen Hill Rd. Ops., LLC (In re Genesis Healthcare, Inc.)*,
2026 WL 1602714 (N.D. Tex. June 3, 2026) .......... 14, 15, 21, 22

*Butler Aviation Int'l, Inc. v. Whyte (In re Fairchild Aircraft Corp.)*,
6 F.3d 1119 (5th Cir. 1993) .......... 11

*Charitable DAF Fund, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*,
98 F.4th 170 (5th Cir. 2024) .......... 6

*Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.)*,
68 F.3d 914 (5th Cir. 1995) .......... 17

*DeepRock Venture Partners, L.P. v. Beach (In re Beach)*,
731 F. App'x 322 (5th Cir. 2018) .......... 16

*Dondero v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*,
105 F.4th 830 (5th Cir. 2024) .......... 6

*Gilchrist v. Westcott (In re Gilchrist)*,
891 F.2d 559 (5th Cir. 1990) .......... 10

*In re Highland Capital Management, L.P.*,
Case No. 19-34054-sgj11 (Bankr. N.D. Tex.) .......... 1

*In re Int'l Mgmt. Assocs., LLC*,
2009 WL 6498191 (Bankr. N.D. Ga. Dec. 1, 2009) .......... 21, 22

*In re Jackson Brewing Co.*,
624 F.2d 599 (5th Cir. 1980) .......... 15, 16, 17

*In re LATAM Airlines Grp. S.A.*,
2022 WL 2962948 (Bankr. S.D.N.Y. July 26, 2022) .................................. 20, 21

*In re Lehman Bros. Inc.*,
2013 WL 5272937 (S.D.N.Y. Sept. 18, 2013) .................................................. 21

*Matthews v. Tidewater, Inc.*,
108 F.4th 361 (5th Cir. 2024) ........................................................................ 8

*In re MPF Holdings U.S. LLC*,
444 B.R. 719 (Bankr. S.D. Tex. 2011) ........................................................ 15, 18

*NexPoint Real Estate Partners, L.L.C. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*,
--- F.4th ----, 2026 WL 2357894 (5th Cir. Aug. 14, 2026) ................................. 6

*O'Cheskey v. Templeton (In re Am. Hous. Found.*),
2013 WL 3808096 (Bankr. N.D. Tex. July 22, 2013) ........................................ 20

*Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop. (In re Cajun Elec. Power Coop.)*,
119 F.3d 349 (5th Cir. 1997) ........................................................................ 17

*Official Comm. of Unsecured Creditors v. Moeller (In re Age Ref., Inc.)*,
801 F.3d 530 (5th Cir. 2015) ........................................................................ 15

*Official Comm. of Unsecured Creditors v. Sabine Oil & Gas Co. (In re Sabine Oil & Gas Co.)*,
2016 WL 6238616 (S.D.N.Y. Oct. 24, 2016) .............................................. 21, 22

*Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson*,
390 U.S. 414 (1968) ................................................................................ 15, 16

*Templeton v. O'Cheskey (In re Am. Hous. Found.)*,
785 F.3d 143 (5th Cir. 2015) ........................................................................ 11

*United States v. AWECO, Inc. (In re AWECO, Inc.)*,
725 F.2d 293 (5th Cir. 1984) ........................................................................ 17

*Weber v. U.S. Tr.*,
484 F.3d 154 (2d Cir. 2007) ........................................................................ 20

*Wiggins v. Northrup (In re Kelly)*,
643 F. App'x 400 (5th Cir. 2016) ....................10, 11

**Statute and Rules**

28 U.S.C. § 158(d)(2)(A) ....................1, 3, 13

Fed. R. Bankr. P. 8002(b)(2) ....................8

Fed. R. Bankr. P. 8006(f)(3)(A) ....................1

**Other Authorities**

11 Charles A. Wright, Arthur R. Miller, et al., Federal Practice and
Procedure § 2818 (3d ed. 2026) ....................8

1 Richard Levin & Henry J. Sommer, Collier on Bankruptcy ¶ 5.06
(16th ed. 2026) ....................14, 15, 21

Pursuant to Federal Rule of Bankruptcy Procedure 8006(f)(3)(A), appellees Highland Capital Management, L.P. ("HCMLP") and the Highland Claimant Trust (together with HCMLP, "Highland"), by and through their undersigned counsel, respectfully submit this opposition to The Dugaboy Investment Trust's ("Dugaboy") Motion to Certify Pending Appeal to the Fifth Circuit Under 28 U.S.C. § 158(d)(2)(A) (the "Motion" or "Mot."; Dkt. No. 14).

## PRELIMINARY STATEMENT

1. Dugaboy's Motion is largely devoted to spinning a tale of "epic abuse of the bankruptcy process" (Mot. at 3) in which James Dondero ("Dondero") (Dugaboy's lifetime beneficiary) plays the victim. Along the way, Dugaboy's Motion implicitly or explicitly tars the reputations of the two bankruptcy judges who have devoted countless hours to these cases, along with the dozens of District Court and Fifth Circuit judges who have waded through the scores of appeals Dondero has pursued that, by any objective measure, have repeatedly affirmed the integrity of these proceedings.

2. The current iteration of Dondero's attack on the bankruptcy case involves his supposed Cayman Islands donor advised fund ("DAF"), over which he installed a former subordinate named Mark Patrick ("Patrick") as the sole manager and control person many years ago, and a separate Delaware investment trust called Hunter Mountain Investment Trust ("HMIT"), over which Patrick has also had

exclusive control for many years. Dondero and Patrick have since had a falling out, and they are in litigation regarding certain corporate restructuring actions that Patrick has taken with respect to the DAF and, indirectly, HMIT.

3. At issue in this appeal is a settlement approved under Bankruptcy Rule 9019 between Highland and HMIT and other domestic entities controlled by Patrick (the "Rule 9019 Settlement"). ***Significantly, it is undisputed that, both before and after the corporate restructuring that is the subject of his dispute with Dondero, Patrick (1) solely controlled all non-Highland parties to the Rule 9019 Settlement and (2) was expressly authorized to enter into the Rule 9019 Settlement.***

4. Moreover, Dondero knew the details of the restructuring because they were on full display at the Rule 9019 Settlement hearing back in June 2025—indeed, the details were depicted on a demonstrative exhibit used in court. Further, after taking discovery, certain parties that had objected to the settlement on the allegation that Patrick may have lacked authority to enter into the agreement (supposedly due to the restructuring) withdrew their objection with prejudice before the hearing; the Bankruptcy Court nonetheless allowed Dugaboy to pursue that objection (despite Dugaboy not having previously raised any such objection), overruled the objection, and entered an order approving the Rule 9019 Settlement (the "Rule 9019 Order"; Dkt. No. 4297) after a full-day evidentiary hearing.

5. While appealing the Rule 9019 Order to this Court,[1] Dondero also pursued parallel litigation against Patrick in the Cayman Islands and the Texas Business Court. None of that has proved successful. So, in February 2026, Dugaboy moved to vacate the Rule 9019 Order pursuant to Rule 60(b), which, after still further discovery, culminated in a three-day trial in the Bankruptcy Court. Dugaboy lost again.

6. Dugaboy now seeks to certify this appeal of the Bankruptcy Court's Rule 60(b) denial directly to the Fifth Circuit, but the Motion fails to meet the relevant standards under 28 U.S.C. § 158(d)(2)(A). Attempting to gin up an "issue of national importance," Dugaboy appears to suggest this appeal presents the question of what level of scrutiny should apply to Rule 9019 settlements that are procured by or somehow "advance" alleged fraud. But Dugaboy never raised that issue in the Rule 60(b) proceedings below (or in the underlying Rule 9019 proceedings), so the issue is forfeited on appeal. Nor, as Dugaboy claims, did the Bankruptcy Court categorically refuse to consider Dugaboy's supposed evidence of fraud, which is perhaps why Dugaboy does not bother to quote from the actual ruling.

[1] In addition to appealing the Rule 9019 Order, Dugaboy also moved the Bankruptcy Court to stay implementation of that Order (the "Stay Motion"; Dkt. No. 4326). After the Bankruptcy Court denied the Stay Motion (Dkt. No. 4333), Dugaboy appealed (the "Stay Appeal"). *The Dugaboy Investment Trust v. Highland Capital Management, L.P. et al.*, Case No. 3:25-cv-02072-S (N.D. Tex.).

7. Likewise, Dugaboy failed to preserve its second question presented—namely, the standard to be applied when a Rule 9019 settlement is proposed by court-appointed professionals—so this issue is also forfeited. In any event, neither of these issues genuinely presents a question of "national importance." Dugaboy's real complaint is not with a standard but with the result in its particular case, which is why so much of its Motion is devoted to the (purported) facts of this particular series of events.

8. Finally, Dugaboy's claim that certification would materially advance progress of the case is hard to swallow. Dugaboy waited until February 2026 to file its Rule 60(b) motion and dragged its feet throughout those proceedings. After losing, it filed (on the last possible day) a Rule 59(e) motion (yes, seeking reconsideration of its Rule 60(b) reconsideration motion), then filed this certification motion (again, on the last possible day). Meanwhile, Dugaboy has *opposed* Highland's motion to have Dugaboy's Rule 60(b) appeal designated as "related to" Dugaboy's pending Rule 9019 appeal (which is standard practice), *opposed* Highland's request to formally consolidate the Rule 60(b) appeal with three other appeals arising from the Rule 9019 Order (which is also standard practice), and claimed that it is proper to maintain a separate appeal from the denial of its Rule 59(e) motion (it is not).

9. In sum, as of this filing, Dugaboy has four separate appeals docketed in this Court before four separate district judges, all arising from the same Rule 9019 Order: the appeal of the original Rule 9019 Order, the Stay Appeal, the Rule 60(b) denial, and the Rule 59(e) denial. Simultaneously, Highland moved to consolidate all four appeals, and Dugaboy is opposed to that relief. So, while Highland would like nothing more than to expedite *actual* resolution of *all* of these appeals, what Dugaboy really wants is a quick trip to the Fifth Circuit on the Rule 60(b) appeal while keeping its options open with the remainder of these intertwined dockets. Certification does not permit such gamesmanship.

## RELEVANT BACKGROUND

10. Dugaboy's lengthy "Background" section (Mot. at 3–10) is rife with inaccuracies and bears no resemblance to the facts adduced in the three-day evidentiary trial from which this appeal arises. Tellingly, it is virtually bereft of citations to the record, at one stretch running three full pages without a single citation. Rather than attempt to catalog each of Dugaboy's distortions, mischaracterizations, and outright falsehoods, set forth below are the key parties and procedural history relevant to Dugaboy's Motion:

a. On May 19, 2025, Highland, HMIT, and certain related entities entered into the Rule 9019 Settlement resolving all pending litigation among them (among other things).[2]

b. On June 9, 2025, Dugaboy and others objected to the Rule 9019 Settlement. (Dkt. Nos. 4229–31.)[3] Dugaboy is James Dondero's family trust and he is the trust's lifetime beneficiary and exercises de facto control over every aspect of the trust. (Dkt. No. 3904.)[4]

c. Dondero and entities he controls have challenged, objected to, and appealed nearly every aspect of this seven-year-long bankruptcy proceeding. The Fifth Circuit has "affirmed a sanction against Dondero" in the Highland bankruptcy on three separate occasions: (1) because he "violated the TRO" the Bankruptcy Court entered to "prevent Dondero from further interfering with Highland" and its bankruptcy; (2) "for filing vexatious litigation connected to Highland's bankruptcy"; and (3) most recently because he "filed the Proof of Claim in bad faith" on behalf of HCRE Partners (another Dondero-controlled entity) and "litigated the claim in bad faith." *NexPoint Real Estate Partners, L.L.C. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, --- F.4th ----, 2026 WL 2357894, at *1–2, *4 (5th Cir. Aug. 14, 2026).[5]

d. The proposed Rule 9019 Settlement drew objections from Dugaboy, The Dallas Foundation, and Crown Global Life Insurance, Ltd. ("Crown Global") (Dkt. Nos. 4230–31.) Dondero

---

[2] HMIT was the 99.50% limited partner in HCMLP as of the petition date, the sole Class 10 claim holder under the HCMLP plan, and sometimes a plaintiff and sometimes a defendant in various post-effective date causes of action involving Highland.

[3] References to "Dkt." refer to the docket in the underlying bankruptcy case, *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj11 (Bankr. N.D. Tex.), unless otherwise indicated.

[4] Dugaboy was a 0.1866% limited partner in HCMLP as of the petition date and one of several Class 11 contingent, unvested claimholders under the HCMLP plan. Class 11 is well out of the money and has no prospect of recovering any value from the HCMLP estate.

[5] (Citing *Charitable DAF Fund, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, 98 F.4th 170, 174–77 (5th Cir. 2024); *Dondero v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, 105 F.4th 830, 835–41 (5th Cir. 2024)).

paid the fees of the other objecting entities.[6] The parties conducted discovery, resulting in five depositions and the production of more than 4,000 pages of documents. Before the hearing, the Dallas Foundation and Crown Global entered into a stipulation with HMIT and Highland agreeing to withdraw their objections with prejudice. (Dkt. No. 4291.)

e. On June 25, 2025, Chief Judge Jernigan held a full-day evidentiary hearing on Dugaboy's objection to the Rule 9019 Settlement (the "9019 Hr'g"; Dkt. No. 4296) (including arguments Dugaboy raised for the first time at the hearing), during which 167 exhibits were introduced into evidence and four witnesses testified live, including Mark Patrick. (9019 Hr'g Tr. at 43:2–47:25, 83:16–134:21, 140:25–171:5, 171:10–194:22, 189:1–20, 195:12–230:9.) At the conclusion of the trial, Chief Judge Jernigan overruled the remaining objections and entered the Rule 9019 Order on June 30, 2025. Dugaboy's July 17, 2025 request to stay the Rule 9019 Order was denied on July 21, 2025. (Dkt. No. 4333.)

f. On July 14, 2025, Dugaboy filed a notice of appeal of the Rule 9019 Order (the "Rule 9019 Appeal"; Dkt. No. 4311), which is fully briefed and remains pending before the District Court. Highland also moved to dismiss the Rule 9019 Appeal because it is statutorily moot; that motion is also fully briefed and pending before the District Court. (Rule 9019 Appeal Dkt. Nos. 21, 31, 33, 36.)

g. On February 9, 2026—nine months after entry of the Rule 9019 Order—Dugaboy filed a motion in the Bankruptcy Court to reconsider and/or vacate the Rule 9019 Order pursuant to Rule 60(b) (the "Rule 60(b) Motion"; Dkt. No. 4513). In May 2026, Judge Odell held a three-day evidentiary hearing on Dugaboy's Rule 60(b) Motion, during which he considered more than 100 pages of briefing, "admitted hundreds of exhibits" into evidence, and "heard testimony from five witnesses," including Mark Patrick. (Dkt. No. 4678 ¶ 9.)

[6] Patrick Daugherty also objected to the Rule 9019 Settlement (Dkt. No. 4229); Dondero did not pay his fees.

h. On June 15, 2026, Judge Odell denied Dugaboy's Rule 60(b) Motion (the "Rule 60(b) Decision"; Dkt. No. 4678). Pretending that its Rule 60(b) Motion was a "do-over," Dugaboy falsely asserts that Judge Odell "was presented with detailed evidence of Patrick's fraud and misconduct and held that it, categorically, was not the type of thing that should concern the court." (Mot. at 16; *see also id.* at 13.) This is a gross distortion of the Rule 60(b) Decision and, tellingly, Dugaboy never quotes from the Rule 60(b) Decision that so held. Judge Odell in fact directly considered "the alleged evidence of Mark Patrick's misconduct" and concluded that it was "not newly discovered," because "Dugaboy had, or could have obtained via discovery before trial on the 9019 Motion, all the facts necessary to challenge Mr. Patrick's authority to settle on behalf of the HMIT Entities," so it did not warrant relief under Rule 60(b). (Rule 60(b) Decision at 10 (capitalization omitted).) Further, "vacating the 9019 Order will not restore the original charitable structure" of the DAF, because Patrick "would still have full control over HMIT's assets even if the DAF restructuring were rescinded," and Dugaboy's own counsel admitted that "vacating the 9019 Order would not impact the DAF restructuring in any way." (*Id.* at 13–14 (capitalization omitted).) On June 29, 2026, Dugaboy filed a notice of appeal of the Rule 60(b) Decision (the "Rule 60(b) Appeal"; Dkt. No. 4685.)

i. On June 29, 2026, Dugaboy also filed a motion pursuant to Rule 59(e), asking the Bankruptcy Court to reconsider the Rule 60(b) Decision based on purported "manifest error" by the Bankruptcy Court (the "Rule 59(e) Motion"; Dkt. No. 4684). On July 10, 2026, the Bankruptcy Court denied the Rule 59(e) Motion (the "Rule 59(e) Decision"; Dkt. No. 4689.) On July 24, 2026, Dugaboy filed a notice of appeal of the Rule 59(e) Decision (the "Rule 59(e) Appeal"; Dkt. No. 4698).[7]

---

[7] Under Rule 8002(b)(2), the notice of appeal of the Rule 60(b) Decision that Dugaboy filed alongside its Rule 59(e) Motion became effective immediately upon the Bankruptcy Court's denial of the Rule 59(e) Motion. Accordingly, "'the ruling on the Rule 59(e) motion merges with the prior determination, so that the reviewing court takes up only one judgment.'" *Matthews v. Tidewater, Inc.*, 108 F.4th 361, 366 (5th Cir. 2024) (quoting *Banister v. Davis*, 590 U.S. 504, 509 (2020)); *see also* 11 Charles A. Wright, Arthur R. Miller, Federal Practice and Procedure § 2818

11. Based on this extensive procedural history and trial evidence, the key facts relevant to Dugaboy's Motion are as follows:

a. Despite taking discovery in the Rule 9019 and Rule 60(b) proceedings, Dugaboy cannot identify any evidence suggesting, let alone proving, that Highland facilitated, encouraged, or knew of any allegedly fraudulent restructuring undertaken by Patrick with respect to HMIT or DAF. (*See* 9019 Hr'g Tr. at 99:13–100:13; Highland Obj. to Rule 60(b) Motion ¶¶ 1, 7–8, 71–74; May 21, 2026 Hr'g Tr. at 236:20–237:11; Rule 60(b) Decision ¶ 27.)

b. Importantly, there is no evidence that the restructuring enabled Patrick to enter into the Rule 9019 Settlement: He was fully authorized to enter into the Rule 9019 Settlement on behalf of HMIT before *and* after the restructuring. (*See* May 12, 2026 Hr'g Tr. (Dkt. No. 4655) at 117:13–118:14; May 21, 2026 Hr'g Tr. (Dkt. No. 4671) at 221:5–12; Highland Obj. to 60(b) Motion (Dkt. No. 4535) ¶¶ 21–24, 28; Rule 60(b) Decision ¶ 28.)

c. In the end, this is a private dispute between Dondero and Patrick that is playing out in the Cayman Islands, the Texas Business Court, the Bankruptcy Court in Delaware, and the New York State Supreme Court. If Patrick is ever found to have breached his fiduciary duties or engaged in fraud with respect to the restructurings, the remedies will be to seek his removal and/or recover damages—not vitiate an agreement with an unrelated third party that was not enabled by the restructuring and that no one (not even Dugaboy) has ever challenged as not being in Highland's best interests. (*See* May 11, 2026 Hr'g Tr. (Dkt. No. 4662) at 58:9–16; May 21, 2026 Hr'g Tr. (Dkt. No. 4671) at 234:18–235:6, 236:20–237:11, 240:3–15; Highland Obj. to 60(b) Motion ¶¶ 4, 34–36; Rule 60(b) Decision ¶¶ 24, 28–29.)

d. Don't take Highland's word for it—take the word of The Dallas Foundation (HMIT's purported beneficiary that withdrew its

(3d ed. 2026) ("[T]he denial of a motion to amend or alter the judgment is not separately appealable but may be considered on appeal from the underlying judgment.").

objection to the Rule 9019 Motion with prejudice) (Dkt. No. 4291) and the liquidator of Holdco (DAF's former passive limited partner) in the Cayman Islands (who was so disinterested in the Rule 9019 Settlement that she did not attend the Rule 9019 Hearing and had not reviewed the record in that matter or assessed the merits of the settlement a year after the fact) (May 11, 2026 Hr'g Tr. (Dkt. No. 4662) at 157:25–158:6, 194:21–23, 199:18–22.)

12. Despite this mountain of evidence, Dugaboy has filed four separate appeals—the Rule 9019 Appeal, the Stay Appeal, the Rule 60(b) Appeal, and the Rule 59(e) Appeal—challenging the same Rule 9019 Settlement, all of which are currently pending before the District Court before four different judges. Dugaboy opposes any effort to consolidate these Appeals and, preposterously, even opposes designating the Rule 60(b) Appeal as related to the Rule 9019 Appeal. (Case No. 3:26-cv-02315-X, Dkt. No. 3.) Yet in this Motion, Dugaboy now seeks to certify for direct appeal the Rule 60(b) Decision piecemeal while keeping the Rule 9019 Appeal, the Stay Appeal, and the Rule 59(e) Appeal in the District Court. Dugaboy's Motion should be denied.

## ARGUMENT

### I. The Questions Presented For Certification Were Not Preserved For Appeal.

13. "'[I]t is well established that'" courts of appeals "'do not consider arguments or claims not presented to the bankruptcy court.'" *Wiggins v. Northrup (In re Kelly)*, 643 F. App'x 400, 402 (5th Cir. 2016) (quoting *Gilchrist v. Westcott (In re Gilchrist)*, 891 F.2d 559, 561 (5th Cir. 1990)). "To preserve an argument for

appeal, it must be 'raised to such a degree that the trial court may rule on it.'" *Id.* at 401–2 (quoting *Templeton v. O'Cheskey (In re Am. Hous. Found.)*, 785 F.3d 143, 159–60 (5th Cir. 2015) (quoting *Butler Aviation Int'l, Inc. v. Whyte (In re Fairchild Aircraft Corp.)*, 6 F.3d 1119, 1128 (5th Cir. 1993))). Merely raising an issue "by implication" is "simply inadequate to preserve that argument for appeal; to be preserved an argument must be pressed, and not merely intimated." *Fairchild*, 6 F.3d at 1128 (cleaned up; collecting cases). Dugaboy failed to raise—or even intimate—either of its Questions Presented ("QPs") to the Bankruptcy Court during the Rule 9019 Motion proceedings, the Rule 60(b) Motion proceedings, or the Rule 59(e) Motion proceedings, so they are not preserved for appeal.

14. Dugaboy's QP #1 states:

> To what extent should a bankruptcy court evaluate the fraud or misconduct of a counterparty to a settlement with a bankruptcy debtor and whether a settlement would advance of [*sic*] facilitate any such fraud or misconduct? More specifically, whether the Bankruptcy Court erred by disregarding the misconduct of Mark Patrick as unrelated to the 9019 Settlement, furthering such misconduct by approving a settlement benefiting Mr. Patrick?

(Mot. at 2–3.)

15. QP #1 appears to challenge the standard of review for approval of a Rule 9019 Settlement, perhaps suggesting a different standard applies where there are allegations of "fraud or misconduct of a counterparty" that did not involve the debtor. Dugaboy never raised this issue in its briefing or during the trial on the Rule 60(b) Motion. That failure is unsurprising, because the question of what the

Bankruptcy Court should consider when "approving a settlement" was an issue for the Rule 9019 Appeal, not the subsequent Rule 60(b) Appeal. QP #1 therefore was not preserved for this Rule 60(b) appeal.

16. Even if Dugaboy had properly raised the question in this Rule 60(b) appeal, which it did not, this case does not present the issue. That is because Dugaboy's assertion that the Bankruptcy Court "disregard[ed] the misconduct of Mark Patrick" is simply false. The Bankruptcy Court held a three-day trial on precisely this issue, considered it directly in its Rule 60(b) Decision, and found it lacking. More particularly, the Bankruptcy Court correctly rejected the notion that Dugaboy did not know about the DAF restructuring—and could not have learned more about it through the exercise of reasonable diligence—within the time period for challenging the original Rule 9019 Settlement. Thus, whatever special standard Dugaboy would want to apply in cases where supposedly undiscovered fraud is alleged, this is not that case. (*See supra* ¶¶ 10.h, 11.a–b.)

17. Dugaboy's QP #2 states: "Whether the Bankruptcy Court should apply closer scrutiny to settlements proposed by court-appointed bankruptcy professionals?" (Mot. at 3.) QP #2 likewise challenges the standard of review for a Rule 9019 Settlement, which could have been an issue for the Rule 9019 Appeal, not the Rule 60(b) Appeal. Here again, whether a higher standard of review should be applied to "court-appointed bankruptcy professionals" has never been raised in

the seven years of litigation in the Bankruptcy Court, let alone in the context of the Rule 60(b) Motion, so it was not preserved for appeal. This is unsurprising because the standard of review for a Rule 9019 Settlement has been settled law for decades. (*See infra* ¶¶ 23–25.)

18. QP #2 is also woefully ambiguous. Dugaboy vaguely seeks "closer scrutiny" as compared to an undefined "deferential standard of review," but it never explains what standard of review it is seeking or how the Bankruptcy Court failed to apply it. Even if the Bankruptcy Court applied such unspecified "closer scrutiny," Dugaboy offers no basis to conclude that this supposedly higher standard would have yielded a different result.

## II. Dugaboy Fails To Satisfy The Requirements For Direct Appeal To the Fifth Circuit.

19. Title 28 U.S.C. § 158(d)(2)(A) permits direct appeal "from final judgments, orders, and decrees" of the bankruptcy court to the "appropriate court of appeals" only if "the bankruptcy court, the district court, or the bankruptcy appellate panel involved . . . certify that—(i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance; (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or (iii) an immediate appeal from the

judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken[.]"

20. Dugaboy does not even try to argue that "there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States" or that there is any "question of law requiring resolution of conflicting decisions," because (as discussed below) "there is controlling legal precedent" addressing the standard of review for Rule 9019 settlements. *See, e.g.*, *Estate of Brown v. 1 Glen Hill Rd. Ops., LLC (In re Genesis Healthcare, Inc.)*, 2026 WL 1602714, at *10 (N.D. Tex. June 3, 2026) (denying request for certification of direct appeal where there was controlling Fifth Circuit precedent on the legal questions presented).

21. Dugaboy argues exclusively that its appeal "involves a matter of public importance" and that a direct appeal "may materially advance the progress of the case," but it fails to satisfy either requirement.

### A. The Bankruptcy Court's Rule 60(b) Decision Does Not Involve A "Matter Of Public Importance."

22. "A 'matter of public importance' should transcend the litigants and involve a legal question the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case." 1 Richard Levin & Henry J. Sommer, Collier on Bankruptcy ¶ 5.06[4][b] (16th ed. 2026) ("<u>Collier on Bankruptcy</u>"). Dugaboy's own authority (*see* Mot. at 11–12) holds that "[t]he bar

for this should be high" and covers "'[s]uch things as the constitutionality of a provision of title 11.'" *In re MPF Holdings U.S. LLC*, 444 B.R. 719, 726 (Bankr. S.D. Tex. 2011) (quoting Collier on Bankruptcy ¶ 5.06). Routine "aspects of bankruptcy law that turn on 'statutory interpretation and common law analysis instead of an in-depth discussion of complex constitutional issues that affect the public as a whole' do not meet the standard." *Brown*, 2026 WL 1602714, at *8 (quoting *MPF*, 444 B.R. at 726). Dugaboy's (forfeited) challenges to the standard of review for approval of a Rule 9019 Settlement do not come close to satisfying this "high bar." *Id.*

23. Dugaboy has admitted—as it must—that the standard for a bankruptcy court evaluating a Rule 9019 Settlement has been settled law under U.S. Supreme Court and Fifth Circuit precedent for ***more than half a century***. (*See* Dugaboy's Rule 9019 Appeal Opening Br. at 19–20, Dkt. No. 52 (citing *Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424–25 (1968); *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980)).) Specifically, the bankruptcy court should approve a settlement under Rule 9019 when the settlement is "'fair and equitable' and 'in the best interests of the estate.'" *Jackson*, 624 F.2d at 602 (quoting *TMT Trailer*, 390 U.S. at 424); *see also Official Comm. of Unsecured Creditors v. Moeller (In re Age Ref., Inc.)*, 801 F.3d 530, 540 (5th Cir. 2015) (same).

24. Dugaboy has admitted that the Supreme Court and "the Fifth Circuit ha[ve] set forth several factors to guide the courts' exercise of discretion in conducting this analysis": (1) "the probability of success if the claim were litigated"; (2) "the complexity, expense, and likely duration of the litigation"; and (3) "all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise," including "(a) whether the proposed settlement serves the best interests of creditors, with proper deference to their reasonable views, and (b) the extent to which the settlement is the product of arms' length bargaining and not of fraud or collusion." (Dugaboy's Rule 9019 Appeal Opening Br. at 19–20 (quoting *TMT Trailer*, 390 U.S. at 424–25; *Jackson*, 624 F.2d at 602–3; *DeepRock Venture Partners, L.P. v. Beach (In re Beach)*, 731 F. App'x 322, 325 (5th Cir. 2018)) (cleaned up).)

25. Dugaboy does not—and cannot—dispute that the Bankruptcy Court properly applied the "very well-known and established legal standard here": "[T]he Court is to look at whether the settlement is fair, reasonable, and in the best interest of the estate; whether it would appear reasonable business judgment has been exercised; is the compromise and settlement within the range of reasonableness?" (9019 Hr'g Tr. at 255:12–18.) The Bankruptcy Court also cited controlling Fifth Circuit precedent and evaluated "the probability of success in the litigation"; "the complexity and likely duration of further litigation and attendant expense,

inconvenience, and delay"; and "all other factors bearing on the wisdom of the compromise." (*Id.* at 255:19–256:1.)[8]

26. Dugaboy falsely asserts, without quoting anything from either the Rule 9019 Hearing or the Rule 60(b) Decision, that Dugaboy "raised serious allegations about Mr. Patrick's misconduct," but the Bankruptcy Court "declined to engage with those allegations." (Mot. at 12; *see also id.* at 16 ("[T]he Bankruptcy Court was presented with detailed evidence of Mr. Patrick's fraud and misconduct and held that it, categorically, was not the type of thing that should concern the court.").) In reality, the Bankruptcy Court expressly considered and rejected Dugaboy's argument that Patrick's alleged fraud in undertaking the "restructuring" stripped him of the authority to resolve HMIT's disputes with Highland. In approving the Rule 9019 Settlement, the Bankruptcy Court held:

> As far as Dugaboy, I, as noted, am overruling that objection. I didn't have any persuasive evidence, solid evidence to show me that Mark Patrick doesn't have appropriate corporate governance authority to enter into this settlement agreement. I realize there's a lot swirling around in the Cayman Islands, and that's going to play out however it plays out. But as of today, I don't have any evidence that he doesn't have authority currently to enter into the settlement. And it speaks volumes that The [Dallas] Foundation backed down. It would seem that they have been convinced that the lack-of-authority argument was not one they wanted to press today. So that is overruled.

---

[8] (Citing *Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop. (In re Cajun Elec. Power Coop.)*, 119 F.3d 349 (5th Cir. 1997); *Jackson*, 624 F.2d 599; *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F.3d 914 (5th Cir. 1995); *United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293 (5th Cir. 1984).)

(9019 Hr'g Tr. at 259:12–24.) When Dugaboy raised the same allegations about Patrick again in its Rule 60(b) Motion, Dugaboy admits—as it must—that the Bankruptcy Court again considered and rejected them: "'Whatever the misdeeds may or may not be of Mark Patrick, they are not sufficiently intertwined with the Highland bankruptcy estate (or the Settlement Agreement) to justify a stay[]'" or vacatur of the Rule 9019 Order. (Mot. at 8–10, 12 (quoting Rule 60(b) Decision ¶ 24 (quoting Motion to Stay Decision (Dkt. No. 4333) at 4)).) This fact-specific ruling in no way adopts a "categorical[]" rule that "fraud and misconduct" by a settlement counterparty "was not the type of thing that should concern the court." (*Id.* at 16.)

27. The Bankruptcy Court also expressly considered and rejected Dugaboy's allegations that "the settlement was the product of fraud, collusion, and bad faith and against the interest of justice" (Mot. at 9; *see also id.* at 14), holding that "the evidence was very thorough in showing that the compromise is a product of good faith and arm's-length negotiations" (9019 Hr'g Tr. at 256:3–5). Thus, Dugaboy's Motion challenges the Bankruptcy Court's application of well-settled and undisputed legal standards to the facts of this case. Dugaboy's own authority holds that "[s]imply disputing the application" of "Fifth Circuit precedent" to "the case at bar" does "not rise to the level of public importance." *MPF*, 444 B.R. at 726.

28. To try to invent a nonexistent "matter of public importance," Dugaboy resorts to unfounded, ad hominem attacks against "[t]wo bankruptcy judges" whom

it accuses of "acting as a rubber stamp," having "tunnel view of a bankruptcy court's responsibilities," "tak[ing] the lightest of touches," "preserving a deferential review of a deal reached between the debtor and another party," failing to protect "perceptions of fairness in the bankruptcy process," and even limiting "access to fairness for all individuals coming to the court with clean hands." (Mot. at 1, 13–14, 16–18.) Dugaboy cites no evidence to support these improper attacks because they are baseless and false.

29. As discussed above, both bankruptcy judges conducted lengthy evidentiary hearings, considered hundreds of exhibits, directly addressed Dugaboy's objections, and ultimately approved the Rule 9019 Settlement under the well-established standards for approval. (*See supra* ¶¶ 10.e, 10 g–h) Dugaboy has had its day in court (and then some). It is the height of irony for Dugaboy to suggest that "public confidence" in the judiciary would be undermined absent direct appeal; if anything, suggesting that Dugaboy has been shown anything less than extreme courtesy and due process by both bankruptcy judges below would have precisely that effect.

**B. Direct Appeal Will Not Materially Advance The Progress Of The Case.**

30. Given the unusual posture of this case, direct appeal of the Rule 60(b) Decision will not materially advance this case and will, instead, result in substantial delay and confusion. Direct appeal of the Rule 60(b) Decision standing alone—while

leaving the Rule 9019 Appeal, the Stay Appeal, and the Rule 59(e) Appeal in the District Court—is particularly inappropriate. It makes no sense to take a direct appeal to the Fifth Circuit of the Rule 60(b) Decision, which seeks to vacate the Rule 9019 Order, while continuing to litigate the appeal of the Rule 9019 Order itself in the District Court. This will not even meaningfully speed up appellate review because the Rule 9019 Appeal is already fully briefed. Once the District Court rules, its decision can be appealed to the Fifth Circuit. *See In re LATAM Airlines Grp. S.A.*, 2022 WL 2962948, at *15 (Bankr. S.D.N.Y. July 26, 2022) (finding "it speculative that a direct appeal would expedite appellate review," because "'district courts tend to resolve bankruptcy appeals faster than the courts of appeals'") (quoting *Weber v. U.S. Tr.*, 484 F.3d 154, 160 (2d Cir. 2007)). All of these procedural issues could (and should) be resolved by consolidating the appeals arising from the same Rule 9019 Settlement, yet Dugaboy inexplicably opposes consolidation and even opposes designating the Rule 60(b) Appeal as "related" to the Rule 9019 Appeal. (*See supra* ¶ 8.)

31. Dugaboy's bare assertion that this Court's ruling is "all but certain to be appealed to the Fifth Circuit anyway" is not a valid basis to seek appeal "directly to the Fifth Circuit." (Mot. at 20.) "The 'threat' of a certain appeal to the circuit court can be raised on any appeal" and is therefore "insufficient" to "justify a certification of direct appeal to the Fifth Circuit." *O'Cheskey v. Templeton (In re Am. Hous.*

*Found.*), 2013 WL 3808096, at *2 (Bankr. N.D. Tex. July 22, 2013) (denying request for certification of direct appeal); *see Brown*, 2026 WL 1602714, at *10 ("[M]ovants for direct appeal must demonstrate some reason beyond mere time saved by skipping the district court because that sort of argument could always be used to bypass district court review.") (cleaned up; collecting cases).[9] "For material advancement, there must be something extraordinary or urgent about this situation that recommends departing from the standard appellate process," but Dugaboy provides none because "none exists." *Brown*, 2026 WL 1602714, at *10 (cleaned up; collecting cases).

32. Dugaboy's authority (*see* Mot. at 11, 20) is distinguishable because, in those cases, the parties consented to certification for direct appeal. The sentence Dugaboy quotes (but selectively omits from its quotation) in fact supports denying certification here, because in that case the court certified an issue for direct appeal because "appellate determination of the issue will materially advance *the prospects of settlement* of many cases." *In re Int'l Mgmt. Assocs., LLC*, 2009 WL 6498191, at

[9] *See also LATAM*, 2022 WL 2962948, at *15 ("'if the mere expectation of advancement to a circuit court was sufficient to establish material advancement, Section 158(d)(2)(A) would effectively eliminate the district court from the bankruptcy review process altogether'") (quoting *In re Lehman Bros. Inc.*, 2013 WL 5272937, at *5 (S.D.N.Y. Sept. 18, 2013)); *Official Comm. of Unsecured Creditors v. Sabine Oil & Gas Co. (In re Sabine Oil & Gas Co.)*, 2016 WL 6238616, at *1–2 (S.D.N.Y. Oct. 24, 2016) (collecting cases "rejecting argument for expedition that the appeal would be quicker because it need only be heard by one court—the Court of Appeals") (cleaned up); 1 Collier on Bankruptcy ¶ 5.06[4][d] n.48 ("[T]he certainty of an ultimate appeal to the court of appeals is not grounds for certification.").

*4 (Bankr. N.D. Ga. Dec. 1, 2009) (emphasis added). Here, by contrast, Dugaboy seeks to undo a court-approved settlement, which will only increase "substantial litigation and the prospect of numerous appeals." *Id.*; (*see* 9019 Hr'g Tr. at 257:14–16 ("So, so much goes away, so much further litigation goes away and we make a monumental step in ending this long-running case if I approve this settlement.")).

33. Dugaboy also vaguely references "the legal standard" for review and "conserv[ing] judicial resources" (Mot. at 20–21) but cites no authority for its position that such generalities "provide[] an extraordinary or urgent reason for bypassing this Court's review." *Brown*, 2026 WL 1602714, at *10 (cleaned up). Such "purported concerns of judicial economy" do "not support certification because there is no reason to believe that certification would materially advance the litigation." *Sabine*, 2016 WL 6238616, at *1. In fact, as Dugaboy acknowledges, the Rule 9019 Settlement was "approv[ed] in June 2025," which was "over a year ago," so the Settlement has long since been fully consummated, and there are no outstanding issues "awaiting resolution." (Mot. at 20.)

## CONCLUSION

34. For the foregoing reasons, this Court should deny Dugaboy's Motion in its entirety.

Dated: August 28, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz
John A. Morris
Gregory V. Demo
Jordan A. Kroop
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760
Email: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
jkroop@pszjlaw.com

**WILLKIE FARR & GALLAGHER LLP**

Mark T. Stancil
(admitted *pro hac vice*)
Joshua S. Levy
(admitted *pro hac vice*)
1875 K Street, N.W.
Washington, DC 20006
(202) 303-1000
mstancil@willkie.com
jlevy@willkie.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expwy., Ste. 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*