**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | ) | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| THE DUGABOY INVESTMENT TRUST,<br><br>Appellant,<br><br>v.<br><br>HIGHLAND CLAIMANT TRUST,<br><br>Appellee. | ) | On Appeal to the U.S. District Court for the Northern District of Texas<br><br>Case No. 3:25-cv-01876-K<br><br>Case No. 3:25-cv-02072-S<br><br>**Case No. 3:26-cv-02315-X**<br><br>Case No. 3:26-cv-02496-D |

**APPELLANT DUGABOY'S NOTICE AND RESPONSE IN OPPOSITION TO APPELLEE HIGHLAND'S IMPROPERLY FILED MOTION TO CONSOLIDATE BANKRUPTCY APPEALS**

Appellant the Dugaboy Investment Trust ("Dugaboy") respectfully asks the Court to either deny Appellees Highland Management, L.P. and Highland Claimant Trust's (together, "Highland") improperly filed Motion to Consolidate Appeals (Dkt. 19 in this proceeding), or else transfer it to the proceeding pending before Judge Kinkeade (N.D. Tex. Case No. 3:25-cv-01876-K).

Highland's filing in this Court is defective because—instead of following the Fifth Circuit's "first-filed" rule as discussed below—Highland has filed the same "Motion to Consolidate" as a live motion in all four of the proceedings it seeks to consolidate. Highland's filings thus improperly ask all four courts to make their own independent rulings on whether the proceedings before them should be consolidated. This is contrary to law and invites inconsistency and conflicting rulings.

Highland's Motion seeks to consolidate four separate pending bankruptcy appeals into a single proceeding:

(1) The appeal from the bankruptcy court's June 30, 2025, approval of the Rule 9019 Settlement ("Rule 9019 Appeal"), pending before Judge Kinkeade. Case No. 3:25-cv-01876-K,[1] Bankr. Dkt. 4297.[2]

(2) The appeal from the bankruptcy court's July 21, 2025, denial of Dugaboy's motion to stay ("Stay Appeal"), pending before Judge Scholer. Bankr. Dkt. 4333, Case No. 3:25-cv-02072-S.

[1] For ease of reference, Dugaboy will refer to each district-court appellate proceeding by the title of the order appealed (*e.g.*, Rule 9019 Appeal; Stay Appeal; Rule 60(b) Appeal; Rule 59(e) Appeal), or alternatively by the last four digits and judge's initial of its case number (*e.g.*, "1876-K appeal").

[2] Unless otherwise specified, all references to "Bankr. Dkt." refer to the main bankruptcy proceeding in this case, No. 19-34054-sgj11.

(3) The appeal from the bankruptcy court's June 15, 2026, denial of Dugaboy's Rule 60(b) motion pending before this Court, 3:26-cv-02315-X appeal ("Rule 60(b) Appeal"). Bankr. Dkt. 4706.

(4) The appeal from the bankruptcy court's July denial of Dugaboy's Rule 59(e) motion for reconsideration, pending before Judge Fitzwater, No. 3:26-cv-02496-D appeal ("Rule 59(e) Appeal"). Bankr. Dkt. 4728.

On September 4, 2026, Dugaboy filed its Response in Opposition to Highland's Motion to Consolidate in Judge Kinkeade's court, in which it explained in detail the many reasons why these four appeals were not appropriate for consolidation. No. 3:25-cv-01876-K, Dkt. 74. A copy of that Response is attached here as Attachment 1.

## ARGUMENT

### A. Highland's Consolidation Motion Is Not Properly Before This Court.

This Court should not rule on the Highland Motion before it, which properly belongs in Judge Kinkeade's court. As currently written and as listed on their respective dockets, Highland's filings in each of the other three appeals are styled as "Motions" and ask the other three courts to order the Dugaboy appeals consolidated into Judge Kinkeade's case. But even as Highland invites "this Court" (here, Judge Starr) to make its own ruling on consolidation, it provides a proposed order ***with Judge Kinkeade's name*** on the signature line. *See* Dkt. 26-1 at 21.

| District Court Case No. and Docket No. of Consolidation Motion | Judge | Date of underlying order appealed: | Was Consolidation Motion properly filed in this proceeding? |
|---|---|---|---|
| 3:25-cv-01876-K, Dkt. 72 | Kinkeade | June 30, 2025 | Properly filed under first-filed rule. |
| 3:25-cv-02072-L, Dkt. 19 | Scholer | July 21, 2025 | Improper because this appeal was not the first-filed. |
| 3:26-cv-02315-X, Dkt. 26 | Starr | June 15, 2026 | Improper because this appeal was not the first-filed. |
| 3:26-cv-02496-D, Dkt. 16 | Fitzwater | July 10, 2026 | Improper because this appeal was not the first-filed. |

Highland's requests for rulings from all four judges—along with the inexplicable invitation for one judge to enter orders under a different judge's signature—not only defy the law but also threaten chaos given that more than one judge may rule on consolidation and that multiple rulings may be inconsistent and irreconcilable.

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 603 (5th Cir. 1999) (explaining first-to-file rule). Once the likelihood of substantial overlap between the cases has been established, only the first-filed court can order consolidation. *Id*. at 605–06; *see Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1951) ("Once the likelihood of a substantial overlap between the

two suits has been demonstrated, it [is] was no longer up to the [second filed court] to resolve the question of whether both should be allowed to proceed.”).

As applied here, Judge Kinkeade has exclusive authority to rule on Highland’s Motion and decide whether or to what extent to consolidate any or all of the other three appeals into his 1876-K case because the appeal in that case was the earliest filed of the four (June 30, 2025). The other three courts (this Court as well as the courts hearing the Motion to Stay and Rule 59(e) appeals) have no role in adjudicating Highland’s consolidation motion and should simply refuse to hear it. *See Cadle*, 174 F.3d at 603; *Mann*, 439 F.2d at 407.

**B. Dugaboy’s Filing is Proper Whether Considered as a Response or a Notice.**

If Highland’s filing is construed as a proper and live motion before this Court (which it is not), then this Response satisfies Dugaboy’s obligation to oppose it. *See* Federal Rule of Bankruptcy Procedure 8014(a). Dugaboy respectfully asks this Court to deny Highland’s Motion or alternatively to transfer it back to Judge Kinkeade’s docket. The numerous reasons why Highland’s proposed consolidation is improper and unworkable are discussed in detail in Dugaboy’s longer and more fulsome response brief filed in Judge Kinkeade’s case (3:25-cv-01876-K, Dkt. 74), which is attached here as Attachment 1 and incorporated by reference as if fully set forth here. In providing that response brief here, Dugaboy is not asking or suggesting that this Court should rule on the merits of consolidation (beyond simply dismissing

Highland's Motion or transferring it back to Judge Kinkeade). Instead, Dugaboy's objective is merely to provide this Court with notice regarding developments before another court that may affect its own jurisdiction in this case.

**C. Dugaboy's Filing is Timely.**

To the extent any "Response" to Highland's "Motion" in this proceeding is required at all—and Dugaboy contends it is not, given the substantive and procedural defects discussed above—Dugaboy has timely filed it and satisfied its response obligations. Highland filed its Motion to Consolidate on August 28, 2026 (Dkt. 26), so Dugaboy's Response deadline (if applicable at all) was Friday, September 4, 2026, at midnight central time. Fed. R. Bankr. Proc. 8013(a)(3)(A) (response is due 7 days after motion is served). However, as this Court may be aware, the Electronic Filing system for the U.S. District Court for the Northern District of Texas was unavailable from September 4, 2026, at 7:00 PM through September 6, 2026, at 5:00 PM due to a mandatory upgrade:[3]

[3] *See* https://www.txnd.uscourts.gov/news/ecf-maintenance (last accessed Sept. 4, 2026).




It is beyond question that this ECF system outage made the Court Clerk "inaccessible" for purposes of Fed. R. Civ. P. 6(a)(3)(A) at the time any response to Highland's Motion would have been due. *See id.* 2009 Advisory Committee Note ("[I]naccessibility can occur for reasons unrelated to weather, ***such as an outage of the electronic filing system***.") (emphasis added). Therefore, by operation of Rule 6(a)(3)(A), Dugaboy's deadline to respond was extended to the next business day, *i.e.*, today, Tuesday September 8, 2026. This Response is timely.[4]

[4] Should the Court agree with Dugaboy that Highland's filing in this proceeding was not a proper motion, then Dugaboy had no obligation to respond by any specific date. If Dugaboy's filing is taken as a "Notice" (rather than a "Response"), that too is not subject to any deadline.

## CONCLUSION

For the reasons set forth above, this Court should either deny Highland's Motion to Consolidate or transfer it to the appellate proceeding before Judge Kinkeade (No. 3:25-cv-01876-K).

Dated: September 8, 2026

Respectfully submitted,

**KING & SPALDING LLP**

By: *<u>/s/ Geoffrey S. Harper</u>*

Geoffrey S. Harper
Texas Bar No. 00795408
gharper@kslaw.com
John Michael Gaddis
Texas Bar No. 24069747
mgaddis@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201
(214) 764-4600

Michael J. Edney
D.C. Bar No. 492024
michael.edney@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
T. (202) 739-3000
F. (202) 739-3001

***Counsel for Appellant The Dugaboy Investment Trust***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 8, 2026, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/ Geoffrey S. Harper*_
Geoffrey S. Harper

## CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains **1,302** words.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, typeface Times New Roman, 14-point type (12-point type of footnotes).

*/s/ Geoffrey S. Harper*______
Geoffrey S. Harper