**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| THE DUGABOY INVESTMENT TRUST,<br><br>Appellant,<br><br>v.<br><br>HIGHLAND CLAIMANT TRUST,<br><br>Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | On Appeal to the U.S. District Court for the Northern District of Texas<br><br>Case No. 3:25-cv-01876-K<br><br>Case No. 3:25-cv-02072-S<br><br>Case No. 3:26-cv-02315-X<br><br>Case No. 3:26-cv-02496-D |

# APPELLANT DUGABOY'S RESPONSE IN OPPOSITION TO APPELLEE HIGHLAND'S MOTION TO CONSOLIDATE BANKRUPTCY APPEALS

**TABLE OF CONTENTS**

INTRODUCTION ....................................................................................2

FACTUAL AND PROCEDURAL BACKGROUND ..............................................4

LEGAL STANDARD ............................................................................7

ARGUMENT .......................................................................................8

A. Consolidating the Two Appeals Pending from the Summer of 2025 Makes Far Less Sense Today Than When It Was First Sought.............8

B. Highland Has No Good Explanation for its Own Reversal on Consolidation..........................................................................10

C. The Rule 60(b) and Rule 59(e) Appeals Can and Should Be Consolidated With Each Other—But Not Here or Now.....................11

D. The Rule 60(b) and Rule 59(e) Appeals Cannot Be Consolidated With the Rule 9019 and Stay Appeals..........................................12

E. No Controlling Law Requires Consolidation of a Rule 60(b) Appeal With an Appeal of the Underlying Order. ..........................................16

F. Resolving the Appeal Before This Court Will Not Necessarily Moot or Dictate the Outcome of the Other Pending Appeals ..........................18

1. An adverse ruling on the merits of the Rule 9019 Appeal will not preclude Dugaboy from pursuing its other pending appeals.........................................................18

2. An adverse ruling on the Motion to Dismiss for Statutory Mootness will not preclude Dugaboy from pursuing its other pending appeals...................................................19

G. This Court Should Not Consolidate the Rule 9019 Appeal With Any Other Pending Proceeding..................................................20

CONCLUSION ...................................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adkins*,
No. 12-10314, 2014 WL 5801679 (Bankr. N.D. Tex. Nov. 7, 2014) ....................3, 12, 13, 21

*Cadle Co. v. Whataburger of Alice*,
174 F.3d 599 (5th Cir. 1999) ....................2, 11

*Emmett v. McGuire*,
No. 3:07-CV-00389-P, 2010 WL 11541783 (N.D. Tex. Oct. 12, 2010) ....................17

*Fobian v. Storage Tech. Corp.*,164 F.3d 887, 889 (4th Cir. 1999) ....................17

*In re Ford Motor Co.*,
591 F.3d 406 (5th Cir. 2009) ....................19

*Karaha Bodas Co., LLC v. Perusahaan Perambangan Minyak Dan Gas Bumi Negara*,
No. 02-20042, 2003 WL 21027134 (5th Cir. Mar. 5, 2003) ....................13, 16, 17

*In re Monge*,
700 F. App'x 354 (5th Cir. 2017) ....................8, 16, 18

*In re Purdue Pharma L.P.*,
No. 25-CV-09681 (NSR), 2026 WL 1034113 (S.D.N.Y. Apr. 16, 2026) ....................8, 16, 18

*Travelers Ins. Co. v. Liljeberg Enters., Inc.*,
38 F.3d 1404 (5th Cir. 1994) ....................17

*Winchester v. U.S. Atty. for S.D. Tex.*,
68 F.3d 947 (5th Cir. 1995) ....................17

**Statutes**

11 U.S.C. § 363(m) ....................20

**Other Authorities**

Federal Rule of Bankruptcy Procedure 8003(b) .................................................... 7, 8

Federal Rule of Bankruptcy Procedure 8009(e) .................................................. 6, 13

Federal Rule of Bankruptcy Procedure 9019 ................................................... *passim*

Federal Rule of Civil Procedure 59(e) ............................................................ *passim*

Federal Rule of Civil Procedure 60(b) ............................................................ *passim*

Federal Rule of Civil Procedure 60(b)(2) ........................................................... 3, 13

Federal Rule of Civil Procedure 60(b)(3) ......................................................... 13, 20

Federal Rule of Civil Procedure 60(b)(6) ............................................................... 13

Federal Rules of Civil Procedure 60(b)(2), 60(b)(3), and 60(b)(6) ........................... 6

Appellant the Dugaboy Investment Trust ("Dugaboy") respectfully asks the Court to deny Appellees Highland Management, L.P. and Highland Claimant Trust's (together, "Highland") Motion to Consolidate four separate pending appeals into a single proceeding before this Court (Dkt. 72):

(1) This Court's Case No. 3:25-cv-01876-K[1] which is appealed from the bankruptcy court's June 30, 2025, approval of the Rule 9019 Settlement ("Rule 9019 Appeal"). Bankr. Dkt. 4297.[2]

(2) The appeal from the bankruptcy court's July 21, 2025, denial of Dugaboy's motion to stay ("Stay Appeal") now pending before Judge Scholer. Bankr. Dkt. 4333, Case No. 3:25-cv-02072-S.

(3) The appeal from the bankruptcy court's denial of Dugaboy's Rule 60(b) motion pending before Judge Starr, 3:26-cv-02315-X appeal ("Rule 60(b) Appeal"). Bankr. Dkt. 4706.

(4) The appeal from the bankruptcy court's denial of Dugaboy's Rule 59(e) motion for reconsideration, pending before Judge Fitzwater, No. 3:26-cv-02496-D appeal ("Rule 59(e) Appeal"). Bankr. Dkt. 4728.

For the reasons set forth herein, the Court should summarily deny Highland's Motion to Consolidate these four appeals or any subset of them (with the single exception discussed below). But if the Court is contemplating granting Highland's

[1] For ease of reference, Dugaboy will refer to each district-court appellate proceeding by the title of the order appealed (*e.g.*, Rule 9019 Appeal; Stay Appeal; Rule 60(b) Appeal; Rule 59(e) Appeal), or alternatively by the last four digits and judge's initial of its case number (*e.g.*, "1876-K appeal").

[2] Unless otherwise specified, all references to "Bankr. Dkt." refer to the main bankruptcy proceeding in this case, No. 19-34054-sgj11.

Motion in whole or in any part, Dugaboy respectfully asks that the Court first grant the parties a hearing on the matter.

As it communicated to Highland, Dugaboy would not oppose a properly presented motion seeking consolidation of the closely related appeals of Judge Odell's decision to decline amendment of the Rule 60(b) order, pending before Judge Fitzwater, into the appeal of the Rule 60(b) order itself, pending before Judge Starr. Those are separate appeals only because of a timing nuance. The orders were separated by less than a month, and they pertain to the same evidentiary record.[3] As detailed below, the other appeals are differently situated and their consolidation is not appropriate.

## INTRODUCTION

Highland's Motion to Consolidate the four appeals should be denied for multiple reasons. Most importantly, this Court denied a very similar motion in which Highland opposed many of the same arguments for consolidation that it advances today. Since that time, many of the subject appeals have gone their own course and one has been fully briefed. Consolidation now makes no sense.

[3] As explained in Section C below, in the Rule 60(b) and Rule 59(e) proceedings Dugaboy's issues on appeal closely overlap and its record designations are nearly identical. But consolidation of those appeals will require a separate motion directed to Judge Starr, who has the first-filed of those two proceedings. *See Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 603 (5th Cir. 1999) (explaining first-to-file rule).

The Rule 60(b) and Rule 59(e) appeals cannot be consolidated with the long-pending Rule 9019 and Stay Motion appeals because they are separated by nearly a full year of further developments since the record closed on the prior appeals and are grounded in an entirely separate evidentiary record. Those developments include multiple bankruptcy court rulings, a new round of discovery and depositions, hundreds of new exhibits, and a three-day evidentiary hearing on the Rule 60(b) motion, all of which have vastly expanded and altered the record beyond what was available for the Rule 9019 and Stay Appeals.

Furthermore, Highland's refrain from the inception of these Rule 60(b) proceedings has been that they may be based only on "newly discovered evidence" within the meaning of Rule 60(b)(2), a contention that requires that the evidence was not known or available to the bankruptcy court when it approved the Rule 9019 settlement and denied the Stay Motion in June and July of 2025. Thus, new evidence from the Rule 60(b) proceedings cannot be added to the already-closed records in the Rule 9019 and Stay Appeals and the appellate courts cannot consider it. *See, e.g.*, *In re Adkins*, No. 12-10314, 2014 WL 5801679, at *1 (Bankr. N.D. Tex. Nov. 7, 2014) (holding that items designated for the appellate record must have been "of record and available for consideration by the bankruptcy court when it rendered its decision").

Consolidation is also unworkable because it would require this Court to sort out numerous different or unique issues asserted in the other appeals—and particularly in the Rule 60(b) appeal—that cannot be shoehorned into the Rule 9019 appeal or the Stay appeal. And this Court's resolution of the Rule 9019 appeal or its related motion to dismiss will have little or no impact on the other appeals because each is premised on a significantly different record and Rule 60(b) expressly allows the bankruptcy court—within certain broad limits—to revisit its prior rulings based on new information.

Finally, consolidation with any of the other appeals will not serve judicial economy for the Rule 9019 appeal pending before this Court. That's because this is the only appeal in which briefing is fully complete and there is nothing left for the parties to do but await the Court's setting of oral argument or its ruling. Briefing has not yet begun in the other three appeals Highland seeks to consolidate, and attempting to integrate all the different issues asserted in those appeals into the Rule 9019 appeal would create chaos, scramble the record, and force the parties to re-do their briefing from scratch. This waste of effort and expense serves the interests of no one.

## FACTUAL AND PROCEDURAL BACKGROUND

Between June and September of 2025, Dugaboy filed four separate district court appeals from four different orders by the bankruptcy court. Highland now

seeks to consolidate two of those appeals—the Rule 9019 appeal before this Court and the Motion to Stay appeal before Judge Scholer[4]—together with Dugaboy's recent appeals from the bankruptcy court's recent denial of its Rule 60(b) and Rule 59(e) motions into a single appeal before this Court.

On October 23, 2025, Dugaboy moved to consolidate the Rule 9019 and Stay appeals (along with two others not at issue here)[5] into a single appeal before this Court, arguing (among other reasons) that consolidation would serve judicial economy and avoid wasteful duplication between separate proceedings before different judges. Dkt. 39 at 1–2. In response, Highland strenuously opposed consolidation (among other reasons) on the ground that the separate appeals each raised different issues that should be separately decided based on their "vastly different" records.[6] Dkt. 43 at 2. This Court denied Dugaboy's motion to consolidate on November 18, 2025. Dkt. 48.

On February 9, 2026, Dugaboy filed a motion under Federal Rule of Civil Procedure 60(b) asking the bankruptcy court to vacate its prior order approving the

---

[4] The other two late-2025 appeals, which Highland does not seek to consolidate, are Dugaboy's appeal from the bankruptcy court's denial of its motion to recuse (initially before Judge Boyle as district court case no. 2597-B and now on appeal at the Fifth Circuit as case no. 26-10012) and from the bankruptcy court's order granting Highland's motion to fix the allowed amount of Dugaboy's Class 11 interest (pending in case no. 2724-L with briefing complete and awaiting Judge Lindsay's ruling).

[5] Those were the Recusal appeal and the Class 11 appeal identified above.

[6] Patrick Daugherty also opposed consolidation of those four appeals because he is party only to the Rule 9019 appeal and has nothing to do with the other appeals. Dkt. 47.

Rule 9019 settlement based on newly discovered evidence that was unavailable to the bankruptcy court when it issued the Rule 9019 order and also on fraud that concealed evidence undermining the validity of the settlement, as well as that the misconduct leading to the settlement approval rendered it manifestly against the interests of justice and for any other reason that justifies relief. Bankr. Dkt. 4513; *see* Fed. R. Civ. P. 60(b)(2), 60(b)(3), and 60(b)(6).

In the ensuing proceedings, the parties took discovery, deposed witnesses, and conducted a three-day evidentiary hearing before the bankruptcy court on May 11–12 and 21, 2026. Bankr. Dkts. 4546, 4630, 4637, 4674.

On June 15, 2026, the bankruptcy court denied Dugaboy's Rule 60(b) motion. Bankr. Dkts. 4679, 4678. On July 13, 2026, Dugaboy timely filed its Notice of Appeal from the denial of that motion. Bankr. Dkt. 4692; *see* case no. 3:26-cv-02315-X, now pending before Judge Starr. Merits briefing has not yet begun, and the parties are awaiting the bankruptcy court's ruling on an ancillary motion to strike record designations under Bankruptcy Rule 8009(e). *See* Bankr. Dkts. 4706, 4736, 4738.

Meanwhile, on June 26, 2026, Dugaboy filed a motion to alter or amend the bankruptcy court's denial of its Rule 60(b) motion pursuant to Federal Rule of Civil Procedure 59(e). Bankr. Dkt. 4684. On July 10, 2026, the bankruptcy court denied Dugaboy's Rule 59(e) motion. Bankr. Dkt. 4689. Dugaboy timely appealed from

that denial. Bankr. Dkt. 4698; *see* case no. 3:36-cv-02496-D now pending before Judge Fitzwater. The record has not yet been transmitted to the district court and a schedule for merits briefing has not yet been set.

On August 28, 2026, Highland filed the instant Motion to Consolidate the Stay appeal and the Rule 60(b) and Rule 59(e) appeals into the Rule 9019 appeal pending before this Court. Dkt. 72.

## LEGAL STANDARD

The Federal Rules of Bankruptcy Procedure permit consolidation of multiple appeals into a single proceeding in specified circumstances. *See* Bankruptcy Rule 8003(b)(2) ("When parties have separately filed timely notices of appeal, the district court . . . may join or consolidate the appeals."). As written, Rule 8003(b) was designed primarily for consolidating appeals initiated by multiple parties of *a single judgment or order*. *See* Fed. R. Bankr. P. 8003(b) (providing that "When *two or more parties* are entitled to appeal from a bankruptcy court's *judgment, order, or decree* and their interests make joinder practicable, they may file a joint notice of appeal. They may then proceed on appeal as a single appellant." and then providing that "*when parties have separately filed timely notices of appeal*, the district court or BAP may join or consolidate the appeals." (emphases added). And even when appeals are taken by the same parties from the same orders, courts consolidate such cases only sparingly.

Within certain broad limits—that consolidation is only proper where the orders are interrelated, the parties are the same, and the appeals share common questions of law and fact—the district court with the first-filed appeal has discretion on whether to consolidate bankruptcy appeals. *See In re Monge*, 700 F. App'x 354, 355 (5th Cir. 2017); *In re Purdue Pharma L.P.*, No. 25-CV-09681 (NSR), 2026 WL 1034113, at *4 (S.D.N.Y. Apr. 16, 2026). But those are not the circumstances here. Highland is not seeking to consolidate appeals initiated by "two or more parties" from a single judgment. *See* Bankruptcy Rule 8003(b). Instead, it seeks to consolidate appeals initiated by the ***same*** party from ***four separate*** bankruptcy court judgments that are premised on different issues and different records—an outcome at odds with the purposes behind the Bankruptcy Rules.

## ARGUMENT

### A. Consolidating the Two Appeals Pending from the Summer of 2025 Makes Far Less Sense Today Than When It Was First Sought.

Dugaboy opposes Highland's Motion (with one exception discussed in Section C below) and particularly contends that the Rule 9019 and Stay appeals should not be consolidated with each other or with the two more recent appeals.

With respect to the two appeals from the bankruptcy court's orders in June and July 2025—the settlement approval order and the order declining a stay thereof

—Dugaboy did seek their consolidation in 2025.[7] *See* Dkts. 39, 45. Highland opposed that consolidation then. Dkt. 43.

Much has transpired since that motion, all of which counsels against consolidation now. First, the settlement approval appeal before this Court has been fully briefed. Whatever sense consolidation of the 2025 appeals made near their inception is not present now.

Second, this Court rejected the bases for consolidation presented in 2025. Dkt. 48. ***Message received***. Dugaboy's respect for this Court's prior orders makes it reluctant to come back and tax this Court's patience with arguments it has already heard, considered, and rejected. That by itself is ample reason to deny Highland's Motion.

Third, Highland is going far beyond merely consolidating the appeals from the 2025 orders near their inception and is seeking further consolidation of another bankruptcy judge's rulings in 2026, on an entirely separate record. That is not warranted for the reasons detailed below.

[7] In that motion, Dugaboy sought to consolidate the Rule 9019 and Stay appeals with two other pending appeals not at issue in Highland's current motion—the Recusal appeal and the Class 11 appeal mentioned above.

## B. Highland Has No Good Explanation for its Own Reversal on Consolidation

There is, by contrast, no explanation why Highland—having opposed consolidation with apparent success before this Court last year—now offers the same arguments in favor of consolidation that it scoffed at when Dugaboy made them. *Compare* Dkt. 72 (Highland's current Motion) *with* Dkt. 43 (Highland's response to Dugaboy's prior motion to consolidate):

| Highland today (Dkt. 72) | Highland last year (Dkt. 43) |
|---|---|
| "Consolidation is particularly appropriate here because ***all of the Appeals arise from the same Rule 9019 Order***," *Id*. at 4 (emphasis in original). | "[T]he four Appeals[8] subject to the Consolidation Motion concern unrelated Orders that resolved different motions involving different legal standards, different parties, and vastly different records." *Id.* at 1. |
| "Consolidation will therefore maximize judicial economy, conserve the parties' resources, and avoid inconsistent rulings." *Id*. | Dugaboy's proposed consolidation "would violate Appellees' right to have each Appeal heard under the proper legal standard and on the basis of a record limited to the items admitted into evidence or considered by the Bankruptcy Court in connection with each Order." *Id*. at 4. |
| "[B]ecause the Appeals challenge the same exact Rule 9019 Order, there is no risk of prejudice or confusion from consolidation." *Id*. at 10. | Consolidation would "severely prejudice Highland's ability to oppose each Appeal based on the distinct record underlying each Order." *Id*. at 5. |

[8] As noted above, only two of the appeals addressed in Dugaboy's prior motion to consolidate—the Rule 9019 appeal and the Stay appeal—are at issue in Highland's current motion.

| | |
|---|---|
| "[C]onsolidation will result in substantial efficiencies that will conserve judicial resources, reduce expenses, and avoid any unfair advantage." *Id*. | Allowing Dugaboy's proposed consolidation "would infringe on Appellees' right to have the Appeals of unique, separate orders determined on the basis of unique, separate records." *Id*. at 19. |
| Maintaining four separate appeals "will be an inefficient waste of both judicial and the parties' resources and will give Dugaboy an unfair advantage by permitting it multiple bites at the apple to challenge the same exact Rule 9019 Order." *Id*. at 11. | "Dugaboy's Consolidation Motion is more of the same: wasteful litigation for the apparent purpose of seeking retribution." *Id*. at 17. |

### C. The Rule 60(b) and Rule 59(e) Appeals Can and Should Be Consolidated With Each Other—But Not Here or Now

The Rule 60(b) and Rule 59(e) appeals can and should be consolidated with each other. They have nearly identical appellate records, and the issues in the Rule 59(e) appeal are largely derivative of those in the Rule 60(b) appeal insofar as they concern reconsideration of the bankruptcy court's rulings in the Rule 60(b) proceeding. But that argument is not proper for this motion in this Court. A motion to consolidate those appeals must be filed in Judge Starr's court insofar as he has the first-filed of the two. *See* Bankr. Dkts. 4692 and 4698 (notices of appeal filed on July 13, 2026, for the Rule 60(b) appeal and July 24, 2026, for the Rule 59(e) appeal); *Cadle*, 174 F.3d at 603.

### D. The Rule 60(b) and Rule 59(e) Appeals Cannot Be Consolidated With the Rule 9019 and Stay Appeals

The recent Rule 60(b) and Rule 59(e) appeals cannot practicably be consolidated with the older Rule 9019 or Stay Appeals for numerous reasons. First, more than a full year has passed since the bankruptcy court issued the orders approving the 9019 settlement and denying the Stay Motion and thus closed the door on the appellate record for those proceedings. Bankr. Dkt. 4297 (June 30, 2025), 4333 (July 21, 2025); *see Adkins*, 2014 WL 5801679, at *1 (the appellate record is limited to items that were available for the bankruptcy court's consideration when it made the appealed ruling). Too much has happened in that time to make consolidation feasible or even plausible.

The July 2026 appeals reflect a landscape greatly different in both law and facts from that of the June and July 2025 appeals. They come with vastly different records on appeal which incorporate a year's worth of new filings and rulings in the bankruptcy court. Those records contain a considerable body of new evidentiary material obtained through multiple sources including the ability of a receiver to step into the shoes of Mr. Patrick's entities under the order of the Cayman Islands courts as well as separate discovery and depositions taken in the course of the proceedings on Dugaboy's Rule 60(b) motion. Those proceedings yielded hundreds of new exhibits which were submitted with the briefing or presented at the three-day evidentiary hearing on that motion.

Furthermore, one of the major premises for Dugaboy's Rule 60(b) motion is that relief is warranted based on "newly discovered evidence" that was not available when the bankruptcy court ruled on the 9019 settlement or the Stay Motion. *See* Fed. R. Civ. P. 60(b)(2).[9] Those new materials—both by definition and in fact—were necessarily unavailable to the bankruptcy court when it made those rulings and therefore cannot be added to the record or considered by the Court for those appeals. *See* Bankruptcy Rule 8009(e); *Adkins*, 2014 WL 5801679, at *1; *cf. Karaha Bodas Co., LLC v. Perusahaan Perambangan Minyak Dan Gas Bumi Negara*, No. 02-20042, 2003 WL 2107134, at *3 (5th Cir. Mar. 5, 2003) (noting corresponding rule that "newly discovered evidence" from a district court proceeding cannot be used to supplement the record for a circuit court appeal). But for the new appeals, the Court ***must*** consider those same materials. If the appeals from last year and this summer are consolidated, it will be impossible to assemble or rely on a "consolidated" record given the intricate and clashing restrictions on what material this Court is or is not allowed to consider or even see depending on which time frame gave rise to which different appellate issues. The Court cannot easily "unsee" for purposes of the older appeals what it must see to resolve the newer ones.

[9] The other two premises for Dugaboy's motion are fraud under Rule 60(b)(3) and the catchall provision in Rule 60(b)(6) for "any other reason that justifies relief."

The issues raised in the new appeals are also dramatically different from those raised in the Rule 9019 Appeal or the Stay Appeal. *See* Exhibits A, B, and C (Statements of Issues filed in the bankruptcy court for the Stay appeal, Rule 60(b) appeal, and Rule 59(e) appeal, respectively); Dkt. Nos. 4374, 4705, and 4707.

In the fully briefed Rule 9019 appeal before this Court, Dugaboy challenges the bankruptcy court's approval of the settlement without adequate information to assess its fairness and despite knowing that further information about Mark Patrick's misdeeds would soon be coming from the Cayman proceedings.[10] Dkt. 52 at 5.

In the Stay Appeal before Judge Scholer (which itself is currently stayed and not yet briefed, *see* Dkt. 18 in 2072-S case), Dugaboy challenges several of the bankruptcy court's conclusions related to its July 21, 2025, denial of Dugaboy's motion to stay the 9019 settlement approval. Ex. A; Bankr. Dkts. 4326, 4333, 4374. Despite the mere two weeks separating those two orders, the issues Dugaboy raises do not neatly overlap. Dugaboy continues its challenge to Mark Patrick's role in approving the settlement, but this time with a much more detailed picture of the Cayman allegations and a rebuttal of the bankruptcy court's conclusion that a stay was unnecessary because Dugaboy could pursue relief against Mr. Patrick in the Cayman proceeding. Ex. A, Issues 3, 4, and 6. Other discrete issues relate to the

[10] Dugaboy also challenges the bankruptcy court's use of an unsupported valuation method, but that does not concern the other appeals at issue here. *See* Dkt. 52 at 5.

bankruptcy court's legal conclusions about the basis for Dugaboy's stay motion as well as the separate stay request from the Texas Attorney General's office (both of which postdate the closing of the record in the 9019 appeal and thus cannot be considered for the issues in that appeal). *Id.*, Issues 1 and 2.

The Rule 60(b) appeal asserts numerous issues that would make consolidation with the 9019 Appeal, the Stay Appeal, or both difficult if not impossible. Ex. B, Bankr. Dkt. 4705. That Rule 60(b) appeal arises from an entirely separate evidentiary record. Indeed, Highland insists that the Rule 60(b) motion ***cannot*** be used as a mechanism to reconsider the 2025 settlement approval ruling but must be entertained only on the basis of evidence that was absent from the record in 2025. *See* Bankr. Dkt. 4535 at 31 (Highland's response to Dugaboy's Rule 60(b) motion).

Several issues focus on specific procedural or discovery or evidentiary rulings that the bankruptcy court made during the course of the Rule 60(b) proceedings, none of which concern the 9019 Appeal or the Stay Appeal at all. *See, e.g.*, *id.* Issues 2, 19–25 (specific evidentiary and trial conduct rulings); 3, 26–28 (scope of allowed discovery). And still other issues raised in the Rule 60(b) appeal have no counterpart at all in the 9019 Appeal, *see, e.g.*, *id.*, Issues 16–18 (various issues relating to Chief Judge Jernigan's recusal) or in the Stay Appeal, *e.g.*, Issues 32–34 (whether the bankruptcy court's role in deciding these issues or the reviewing court's deference to its decisions is unconstitutional in light of recent Supreme Court decisions).

Finally, the Rule 59(e) appeal largely echoes the issues from the Rule 60(b) appeal in that it seeks reconsideration of various rulings and determinations made by the bankruptcy court in the course of the Rule 60(b) proceedings. Ex. C, Bankr. Dkt. 4707. It is utterly incompatible with the Rule 9019 and Stay Appeals for all the same reasons.

### E. No Controlling Law Requires Consolidation of a Rule 60(b) Appeal With an Appeal of the Underlying Order.

Highland argues that a Rule 60(b) appeal is somehow automatically consolidated with the appeal from the underlying order as a matter of law. *See* Dkt. 72 at 7. This contention finds no support in any case law and defies common sense. When most other factors that bear on consolidation are (within broad limits) left to the discretion of the first-filed appellate court, *see Monge*, 700 F. App'x at 355; *Purdue Pharma,* 2026 WL 1034113, at *4—it makes no sense that the law would carve out a uniquely absolute, automatic, and self-executing rule for only the small set of appeals taken from Rule 60(b) proceedings. No law supports such a notion.

Highland's reading severely overstates applicable Fifth Circuit law. The rule stated in *Karaha* pertains to appellate ***jurisdiction*** when a Rule 60(b) motion is pending while the underlying judgment is appealed; it has nothing to do with the separate issue of consolidation. *See* 2003 WL 2107134 at *4. The Fifth Circuit's approach aims to balance judicial economy against preventing appellate and lower courts from exercising dual and potentially clashing jurisdiction. *Id.*; *see Winchester*

*v. U.S. Atty. for S.D. Tex.*, 68 F.3d 947, 949 (5th Cir. 1995) (dismissing appeal for want of jurisdiction); *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994) (describing interplay of appellate and lower court jurisdiction when Rule 60(b) relief and relief from underlying judgment are both pending).

Only one passage Highland cites in *Karaha* as supporting mandatory consolidation could, in a vacuum, be read either way. Dkt. 72 at 7; 2003 WL 21027134, at *4 ("[T]he appeal from the denial [of a Rule 60(b) motion] ***is consolidated*** with the appeal from the underlying order.") (emphasis added). But at multiple other points *Karaha* plainly describes such consolidation as merely permissive. *See id*. at *5 (stating that denial of a Rule 60(b) motion "***permit[s]***" consolidation with the underlying judgment appeal and that the appeals "***can***" be consolidated) (emphasis added). Further, *Karaha* cites the Fourth Circuit's *Fobian v. Storage Tech. Corp.* decision, which also uses permissive language. *Id*. at *4; *see* 164 F.3d 887, 889 (4th Cir. 1999) (stating that Rule 60(b) appeals "***can*** be consolidated with the underlying appeals") (emphasis added). Nor does *Emmett* support mandatory consolidation. *Emmett v. McGuire*, No. 2010 WL 11541783, at *3–*4 (N.D. Tex. Oct. 12, 2010). That decision merely follows *Karaha*, whose plain wording ("can" rather than "shall") supports the far more likely reading that the treatment of a Rule 60(b) appeal falls within the broad discretion of the first-filed appellate court as do the other factors in the consolidation analysis. *See Monge*, 700

F. App'x at 355; *Purdue Pharma*, 2026 WL 1034113, at *4. In other words, the Court ***can*** consolidate the Rule 60(b) appeal with the Rule 9019 appeal if it concludes circumstances warrant—which Dugaboy has never disputed—but there are many good reasons why it should not.

### F. Resolving the Appeal Before This Court Will Not Necessarily Moot or Dictate the Outcome of the Other Pending Appeals

Consolidation could make some sense if a reviewing court's decision on one appeal could determine the outcome of other appeals or moot them. But despite Highland's wish, *see* Dkt. 72 at 4, 10, that is not the case here. Neither the merits appeal in the Rule 9019 case nor the ancillary motion to dismiss based on statutory mootness will have the deck-clearing impact Highland promises.[11] That's because, as explained in Section D above, the legal and factual issues in this proceeding have only a partial and tenuous overlap even with those in the Stay Appeal, let alone the far more remote issues of the Rule 60(b) and Rule 59(e) appeals.

#### *1. An adverse ruling on the merits of the Rule 9019 Appeal will not preclude Dugaboy from pursuing its other pending appeals*

The whole premise of Rule 60(b) is that a trial court **can** revisit and undo its prior rulings based on information or considerations it did not have the first time around—especially in the situations envisioned in the Rule such as newly discovered

[11] Highland's hope to pull off a "kill shot" with its motion to dismiss is no doubt the real reason why it suddenly wants to consolidate all the other appeals into this one.

evidence or fraud. And the trial court's discretion to change its own mind is very broad,[12] in contrast to the standards of review that straitjacket appellate courts and the minefields of record designation and preservation that constrain appellants. That is why, even if this Court affirms the bankruptcy court's original order approving the Rule 9019 settlement, Dugaboy is not precluded from asking the bankruptcy court to take a second look based on new information applied via the Rule 60(b) framework. If the bankruptcy court denies that request as it did here, Bankr. Dkt. 4679, 4678, that results in an entirely different appeal whose issues and record cannot be shoehorned into this one. *See* Case No. 26-cv-02315-X.

*2.* ***An adverse ruling on the Motion to Dismiss for Statutory Mootness will not preclude Dugaboy from pursuing its other pending appeals***

The same considerations limit the reach of Highland's much-oversold motion to dismiss this appeal based on statutory mootness. *See* Dkts. 21 (Highland's motion), 33 (Dugaboy's response), 36 (Highland's reply). If this Court grants that motion and finds that the Settlement was a proper sale executed in good faith and thus protected by the waiver provision in 11 U.S.C. § 363(m), the result will be a finding that Dugaboy waived its challenge to those determinations based on the

[12] The eventual recusal of Chief Judge Jernigan and her replacement by Judge Odell did not limit the bankruptcy court's discretion. A successor judge has discretion to reconsider orders made by the predecessor judge. *In re Ford Motor Co.*, 591 F.3d 406, 411 (5th Cir. 2009).

evidentiary record of ***this appeal***—which is sharply limited to what the bankruptcy court actually knew and was able to consider when it made its June 30, 2025, ruling.

That viewpoint is severely constrained in comparison to the greatly expanded record for the Rule 60(b) appeal, which provides a far more detailed account of the machinations and misdeeds by Mark Patrick, HMIT, and Highland that led to the Settlement. And the famished record here is the deliberate result (successful at least in the short term) of Mr. Patrick's and Highland's fraudulent scheme to conceal those misdeeds and their effect on the Settlement from Dugaboy and other innocent stakeholders and from the bankruptcy court. *See* Fed. R. Civ. P. 60(b)(3) (allowing vacatur based on fraud, misrepresentation, or misconduct by an opposing party).

Moreover, neither Highland nor any other party to the settlement argued to the bankruptcy court that it could not entertain a Rule 60(b) motion to vacate it because of statutory mootness. That failure waives any argument by Highland that the resolution of its statutory mootness motion in the Rule 9019 appeal will somehow effect the Rule 60(b) proceedings.

### G. This Court Should Not Consolidate the Rule 9019 Appeal With Any Other Pending Proceeding

Finally, the Rule 9019 appeal cannot be consolidated with any of the other pending appeals because ***the record is closed and all briefing is complete***, both for the main appeal and the motion to dismiss. *See* Dkt. 66 (March 27, 2026, order staying and administratively closing the motion to dismiss pending its

determination). It makes no sense to consolidate the only appeal where briefing is complete with three others where it hasn't even started. If any of those appeals are consolidated into this one, briefing will be reopened and this Court will have to simultaneously focus on and ignore different items from a thoroughly scrambled record depending on which appellate issue was raised on which date. *See* Section D above; *Adkins*, 2014 WL 5801679, at *1. Such a result will subvert judicial economy and will not benefit the Court or the parties.

## CONCLUSION

For the reasons set forth above—many of which Highland itself vigorously argued not long ago—the Court should summarily deny Highland's Motion to Consolidate as it did with the prior motion. This Court previously concluded that consolidation was a bad idea, and nothing in the current circumstances or in Highland's Motion should change its mind. But if the Court is contemplating granting Highland's Motion or any part of it, Dugaboy respectfully requests that the Court first allow the parties a hearing on the matter.

Dated: September 4, 2026

Respectfully submitted,

**KING & SPALDING LLP**

By: */s/ Geoffrey S. Harper*
Geoffrey S. Harper
Texas Bar No. 00795408
gharper@kslaw.com
John Michael Gaddis
Texas Bar No. 24069747
mgaddis@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201
(214) 764-4600

Michael J. Edney
D.C. Bar No. 492024
michael.edney@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
T. (202) 739-3000
F. (202) 739-3001

***Counsel for Appellant The Dugaboy Investment Trust***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 4, 2026, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/ Geoffrey S. Harper*
Geoffrey S. Harper

## CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains 5,173 words.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, typeface Times New Roman, 14-point type (12-point type of footnotes).

*/s/ Geoffrey S. Harper*______
Geoffrey S. Harper