**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | ) | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| THE DUGABOY INVESTMENT TRUST,<br><br>Appellant,<br><br>v.<br><br>HIGHLAND CLAIMANT TRUST,<br><br>Appellee. | ) | On Appeal to the U.S. District Court for the Northern District of Texas<br><br>**Case No. 3:26-cv-02315-X**<br><br>Case No. 3:26-cv-02496-D |

**APPELLANT THE DUGABOY INVESTMENT TRUST'S MOTION TO CONSOLIDATE BANKRUPTCY APPEALS**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................1
BACKGROUND ........................................................................................................3
LEGAL STANDARD..................................................................................................5
ARGUMENT ............................................................................................................6
CONCLUSION ..........................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Air Vent, Inc. v. Powermax Elec. Co.*,
No. 3:23-CV-01476, 2025 WL 2684328 (N.D. Tex. Sept. 5, 2025)................5, 6

*Benavidez-Hunt v. Benavides*,
Civ. No. 5:17-CV-156, 2017 WL 6761843 (S.D. Tex. Nov. 13, 2017) ........................................................................................................5

*Cadle Co. v. Whataburger of Alice*,
174 F.3d 599 (5th Cir. 1999) ........................................................................1, 5

*In re Highland Capital Management, L.P.*,
No. 3:21-cv-3129, 2022 WL 2193000 (N.D. Tex. June 17, 2022) ..................5, 8

*In re Monge*,
700 F. App'x 354 (5th Cir. 2017) ........................................................................5

*The Dugaboy Investment Trust v. Highland Capital Management*,
No. 3:25-cv-01876-K (N.D. Tex. July 17, 2025) ................................................2

**Other Authorities**

Fed.R.Bankr.P. 8003 ........................................................................................6

Fed.R.Bankr.P. 8003(b)(2)..............................................................................5, 8

Fed.R.Bankr.P. 8009(e) ......................................................................................4

Fed.R.Bankr.P. 9019 ...................................................................................*passim*

Fed.R.Civ.P. 42 ..................................................................................................6

Fed.R.Civ.P. 42(a)..............................................................................................5

Fed.R.Civ.P. 42(a)(2)......................................................................................5, 8

Fed.R.Civ.P. 59 ..................................................................................................3

Fed.R.Civ.P. 59(e)....................................................................................*passim*

Fed.R.Civ.P. 60(b) ........................................................................................*passim*

Fed.R.Civ.P. 60(b)(2)........................................................................................7

Appellant The Dugaboy Investment Trust ("Dugaboy") respectfully asks the Court to grant this Motion to Consolidate two separate pending appeals into a single proceeding before this Court:[1]

(1) The appeal from the bankruptcy court's denial of Dugaboy's motion under Federal Rule of Civil Procedure 60(b), pending before this Court, Case No. 3:26-cv-02315-X ("Rule 60(b) Appeal").[2] Bankr. Dkt. 4706.[3]

(2) The appeal from the bankruptcy court's denial of Dugaboy's motion for reconsideration under Federal Rule of Civil Procedure Rule 59(e), pending before Judge Fitzwater, Case No. 3:26-cv-02496-D ("Rule 59(e) Appeal"). Bankr. Dkt. 4728.

## INTRODUCTION

For the reasons set forth herein, the Court should grant Dugaboy's Motion to Consolidate these two appeals.[4] Dugaboy has opposed consolidation of the current

[1]Dugaboy's Motion to Consolidate is properly before this Court because the earlier-filed of the two appeals is before it. This appeal commenced with Dugaboy filing its Notice of Appeal on July 13, 2026, Bankr. Dkt. 4685, while the 2496-D appeal commenced with Dugaboy's Notice on July 24, 2026, Bankr. Dkt. 4698. *See Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 603 (5th Cir. 1999) (explaining "first-to-file" rule).

[2]For ease of reference, Dugaboy will refer to each district-court appellate proceeding by the title of the order appealed (*e.g.*, Rule 60(b) Appeal; Rule 59(e) Appeal), or alternatively by the last four digits and judge's initial of its case number (*e.g.*, "2315-X appeal").

[3]Unless otherwise specified, all references to "Bankr. Dkt." refer to the main bankruptcy proceeding in this case, No. 19-34054-sgj11.

[4]This Motion to Consolidate these two appeals is entirely distinct from Highland's *Motion to Consolidate Bankruptcy Appeals*, which is currently pending in Case No. 3:25-cv-01876-K before Judge Kinkeade. *See* 1876-K Dkt. 72; *cf.* copy filed at Dkt. 26 of this proceeding. Highland proposes to consolidate these two appeals with two others—the appeal from the bankruptcy court's underlying order approving the settlement under Bankruptcy Rule 9019 (1876-K appeal, Judge Kinkeade), and the appeal from the bankruptcy court's denial of a motion to stay its Rule 9019 ruling (2072-S appeal, Judge Scholer). As detailed in its response to that motion, Dugaboy opposes any consolidation with the latter two appeals because they stem from rulings made in a very different time frame, concern very different issues, and are premised on very different factual and procedural records. *See* 1876-K Dkt. 74; copy filed at Dkt. 29-1 in this proceeding.

case into other appeals from orders entered by Bankruptcy Court more than a year ago. *The Dugaboy Investment Trust v. Highland Capital Management*, No. 3:25-cv-01876-K (N.D. Tex. July 17, 2025), Dkt. 73 at 2, 11. But, as stated in opposing Highland's motion to do so, Dugaboy supports a properly presented motion seeking consolidation only of the closely related appeals from the bankruptcy court's refusal to reconsider its order denying Dugaboy's Rule 60(b) motion, which is pending before Judge Fitzwater, *see* Case No. 3:26-cv-02496-D, into the appeal from the Rule 60(b) order that is pending before this Court.

These are separate appeals only because of a timing nuance. *Id*. at 2. The orders were separated by less than month, and they pertain to the same evidentiary record.[5] *Id*. They both arose from a common, continuing effort to move the bankruptcy court to vacate its underlying order approving the June 2025 Rule 9019 Settlement Agreement ("the 9019 Settlement"), Bankr. Dkt. 4297, were filed within a matter of weeks of each other, and their consolidation will serve judicial economy for the Rule 60(b) appeal pending before this Court. Both appeals are in the same procedural posture, each having completed the record but not yet begun merits briefing. Consolidation of the similarly situated Rule 60(b) and Rule 59(e) appeals

---

[5] This appeal (2315-X proceeding) commenced with Dugaboy's Notice of Appeal timely filed on June 29, 2026. Bankr. Dkt. 4685. The Rule 59(e) appeal (2496-D proceeding) commenced with Dugaboy's timely filed Notice of Appeal on July 24, 2026. Bankr. Dkt. 4698.

is well within the discretionary authority of this Court and will serve the interests of judicial economy and efficient administration of this appeal.

Accordingly, Dugaboy moves to consolidate the Rule 60(b) and Rule 59(e) appeals into a single appellate proceeding before this Court.

**BACKGROUND**

On February 9, 2026, Dugaboy filed a motion under Federal Rule of Civil Procedure 60(b), Bankr. Dkt. 4513, asking the bankruptcy court to vacate its prior order approving the Rule 9019 Settlement. *See* Bankr. Dkt. 4297. That motion generated substantial briefing, discovery, and witness depositions, and culminated in a three-day evidentiary hearing before the bankruptcy court on May 11–12 and 21, 2026. *See* Bankr. Dkts. 4546, 4630, 4637, 4674.

On June 15, 2026, the bankruptcy court denied Dugaboy's Rule 60(b) motion. Bankr. Dkts. 4679, 4678. On June 29, 2026, Dugaboy timely filed its Notice of Appeal from the denial of that motion, along with a motion to the bankruptcy court to alter or amend that denial pursuant to the bankruptcy analog to Federal Rule of Civil Procedure 59. Bankr. Dkt. 4692; *see* Case No. 3:26-cv-02315-X. Dugaboy's opening appellant brief will be filed on October 1, 2026,[6] and the parties are awaiting

[6]The Court granted Dugaboy's September 4, 2026, Unopposed Motion for Extension of Time to File its Opening Appellant Brief on September 9, 2026. Dkts. 28, 30.

the bankruptcy court's ruling on an ancillary motion to strike record designations under Bankruptcy Rule 8009(e).*See* Bankr. Dkts. 4706, 4736, 4738.

On June 26, 2026, Dugaboy filed a motion to alter or amend the bankruptcy court's denial of its Rule 60(b) motion pursuant to Federal Rule of Civil Procedure 59(e), which the bankruptcy court denied on July 10, 2026. Bankr. Dkts. 4684, 4689. Dugaboy timely appealed from that denial in Case No. 3:36-cv-02496-D which is now pending before Judge Fitzwater. Bankr. Dkt. 4698. The record in that case was transmitted to the district court on September 8, 2026, beginning the schedule for merits briefing. 2496-D Dkt. 17; Bankr. Dkts. 4740–4741.

On August 28, 2026, Highland filed a motion to consolidate the Rule 9019 Settlement appeal (Case No. 3:25-cv-01876-K, pending before Judge Kinkade), the appeal of the order to stay the Rule 9019 Order (Case No. 3:25-cv-02072-S, pending before Judge Scholer) and the Rule 60(b) and Rule 59(e) appeals. 1876-K Dkt. 72; *see* 2315-X Dkt. 26. On September 4, 2026, Dugaboy filed its Response to Highland's motion in which it indicated it supports a consolidation solely of the Rule 60(b) and Rule 59(e) appeals (Case nos. 2315-X and 2496-D, respectively), but that it opposes Highland's other proposed consolidations. 1876-K Dkt. 73; *see* 2315-X Dkt. 29-1. Under the Federal Rules of Bankruptcy Procedure, the more limited consolidation of the latter two appeals is properly before this Court, as it is the home

of the first filed appeal. *See Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 603 (5th Cir. 1999) (explaining first-to-file rule).

## LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8003(b)(2) and Federal Rule of Civil Procedure 42(a) each independently grant the discretion to consolidate bankruptcy appeals to the court with the first-filed appeal. *See id.* (explaining first-to-file rule); *In re Monge*, 700 F. App'x 354, 355 (5th Cir. 2017) (same).

Federal Rule of Bankruptcy Procedure 8003(b)(2) permits consolidation of multiple appeals into a single proceeding. *See id*. ("When parties have separately filed timely notices of appeal, the district court . . . may join or consolidate the appeals."); *Monge*, 700 F. App'x at 355 (recognizing a district court's authority under Rule 8003(b)(2) to consolidate bankruptcy actions "with nearly the same identical claims").

Federal Rule of Civil Procedure 42(a)(2) similarly authorizes consolidation of actions "involv[ing] a common question of law or fact." *In re Highland Capital Management, L.P.*, No. 3:21-cv-3129, 2022 WL 2193000, at *3–4 (N.D. Tex. June 17, 2022); *see Air Vent, Inc. v. Powermax Elec. Co.*, No. 3:23-CV-01476, 2025 WL 2684328, at *2 (N.D. Tex. Sept. 5, 2025); *Benavidez-Hunt v. Benavides*, Civ. No. 5:17-CV-156, 2017 WL 6761843, at *1–2 (S.D. Tex. Nov. 13, 2017). Courts in this District weigh several factors in deciding whether to consolidate actions, including:

> (1) whether the cases are pending in the same court, (2) whether the cases involve a common party, (3) whether the cases involve common issues of law or fact, (4) whether consolidation risks the possibility of prejudice or confusion, and if there is such a risk, if the risk of inconsistent adjudications if tried separately outweighs that risk, (5) whether consolidation will result in an unfair advantage, (6) whether consolidation will conserve judicial resources and increase judicial efficiencies, and (7) whether consolidation will reduce the expense of trying the case separately.

*Air Vent*, 2025 WL 2684328, at *1 (internal citations and quote marks removed).

**ARGUMENT**

Judicial economy is best served by consolidating the Rule 60(b) and Rule 59(e) appeals. They have nearly identical appellate records, and the issues in the Rule 59(e) appeal are largely derivative of those in the Rule 60(b) appeal insofar as they concern the bankruptcy court's refusal to reconsider many of the same rulings that Dugaboy is challenging in this appeal from the denial of its Rule 60(b) motion. While both Federal Rule of Bankruptcy 8003 and Federal Rule of Civil Procedure 42 independently support consolidation, it is also telling that Highland itself contends that these two appeals should be consolidated, albeit with other more than a year old appeals on different records and at different stages of development. *See* Dkt. 26 at 3 (describing the Rule 60(b) and Rule 59(e) appeals as "related Appeals").[7]

[7]Both Highland and Dugaboy agree that the Rule 60(b) and Rule 59(e) appeals (the 2315-X and 2496-D proceedings, respectively) should be consolidated. As discussed above, the disagreement is over Highland's desire to consolidate those two appeals with two others (the 1876-K and 2072-S proceedings) that are not presently before this Court. *See* 1876-K Dkt. 26 (Highland's Motion);

Both of Dugaboy's appeals stem from the bankruptcy court's denial of Dugaboy's motion to vacate its approval of the Rule 9019 Settlement. Bankr. Dkts. 4678–4679; *see also* Bankr. Dkt. 4297. Dugaboy brought the Rule 60(b) motion premised, in part, on its contention that relief under Rule 60(b)(2) is warranted based on "newly discovered evidence" that undermined the basis for the court's approval of the Rule 9019 Settlement. That led to a new record consisting of evidence that became available for use in the federal court system after the June 2025 Rule 9019 ruling. *See* Bankr. Dkt. 4513 (Rule 60(b) motion); Bankr. Dkt. 4297 (Rule 9019 order). The new information Dugaboy brought to the bankruptcy court's attention included a considerable body of evidentiary material obtained by means of a receivership action in the Cayman Islands over entities controlled by Mark Patrick, as well as a new round of document discovery and depositions.

The bankruptcy court denied Dugaboy's Rule 60(b) motion, Bankr. Dkts. 4678–4679, and Dugaboy promptly filed a Rule 59(e) motion for reconsideration as well as a notice of appeal from the denial of the Rule 60(b) motion that is the subject of the appeal before this Court. The bankruptcy court then denied Dugaboy's Rule

---

Dkt. 29-1 (Dugaboy's Opposition).That dispute—which is pending before Judge Kinkeade in Case No. 3:25-cv-01876-K as the earliest-filed of those four appeals—need not concern this Court on this Motion, which asks only whether the Rule 60(b) and Rule 59(e) appeals should be consolidated with each other.

59(e) motion to reconsider the Rule 60(b) order, resulting in a separate appeal from the order denying the Rule 59(e) motion.

The two appeals are inextricably intertwined. They have closely overlapping appellate issues and nearly identical appellate records. Consolidating these appeals carries no risk of prejudice to Highland, unfair advantage for Dugaboy, nor would it result in inconsistent rulings. Moreover, consolidation of these two appeals would serve the interests of judicial economy, obviate the need for multiple hearings, decrease expenses and conserve judicial resources. Because the Rule 60(b) and Rule 59(e) appeals involve the same parties, the same underlying appealed orders, closely overlapping issues, and nearly identical appellate records, consolidation is proper under either Federal Rule of Bankruptcy 8003(b)(2) or Federal Rule of Civil Procedure 42(a)(2). *See In re Highland*, 2022 WL 2193000, at * 3–4.

## CONCLUSION

For the reasons set forth above, the Court should grant Dugaboy's Motion to Consolidate the Rule 60(b) and Rule 59(e) appeals (Case Nos. 2315-X and 2496-D) and consolidate them into a single proceeding before this Court under case number 3:26-cv-02315-X.

Dated: September 11, 2026

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ *Michael J. Edney*

Michael J. Edney
D.C. Bar No. 492024
michael.edney@morganlewis.com
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
T. (202) 739-3000
F. (202) 739-3001

Avery Joseph Welker
Texas Bar No. 24137706
avery.welker@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Tel.: (713) 890-5000
Fax: (713) 890-5001

Geoffrey S. Harper
Texas Bar No. 00795408
gharper@kslaw.com
John Michael Gaddis
Texas Bar No. 24069747
mgaddis@kslaw.com
KING & SPALDING LLP
2601 Olive Street, Suite 2300
Dallas, TX 75201
(214) 764-4600

***Counsel for Appellant The Dugaboy Investment Trust***

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on August 28, 2026, Michael J. Edney, lead counsel for The Dugaboy Investment Trust, corresponded with John A. Morris, counsel for Highland Capital Management, L.P., offering to consent to the consolidation of the two appeals at issue herein. Highland proceeded to seek consolidation of not two, but four appeals. On September 10, 2026, Dugaboy inquired whether Highland remains opposed to just consolidation of the two closely related appeals at issue here. Highland stated it remains opposed to the motion.

/s/ *Michael J. Edney*
Michael J. Edney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 11, 2026, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

/s/ *Michael J. Edney*
Michael J. Edney

## CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains 2,059 words.
2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, typeface Times New Roman, 14-point type (12-point type of footnotes).

/s/ *Michael J. Edney*
Michael J. Edney