PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz
John A. Morris
Gregory V. Demo
Jordan A. Kroop
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

WILLKIE FARR & GALLAGHER LLP
Mark T. Stancil (*admitted pro hac vice*)
Joshua S. Levy (*admitted pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
mstancil@willkie.com
jlevy@willkie.com

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expwy, Ste. 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br>Reorganized Debtor. | Chapter 11<br>Case No. 19-34054-sgj11 |
| THE DUGABOY INVESTMENT TRUST,<br>Appellant,<br>v.<br>HIGHLAND CAPITAL MANAGEMENT, L.P. *et al.*,<br>Appellees. | Case No. 3:26-cv-02315-X |
| THE DUGABOY INVESTMENT TRUST,<br>Appellant,<br>v.<br>HIGHLAND CAPITAL MANAGEMENT, L.P. *et al.*,<br>Appellees. | Case No. 3:26-cv-02496-D |

**HIGHLAND CAPITAL MANAGEMENT, L.P. AND THE HIGHLAND CLAIMANT TRUST'S OBJECTION TO THE DUGABOY INVESTMENT TRUST'S MOTION TO CONSOLIDATE BANKRUPTCY APPEALS**

Pursuant to Federal Rule of Bankruptcy Procedure 8013(a)(3)(A), Highland Capital Management, L.P. and the Highland Claimant Trust (together, "Highland") respectfully submit this Objection to The Dugaboy Investment Trust's ("Dugaboy") Motion To Consolidate Bankruptcy Appeals (the "Motion" or "Mot."; Dkt. No. 33).[1]

## ARGUMENT

1. As the Court is aware, Highland has moved to consolidate *four* inextricably related appeals—the Rule 9019 Appeal, Stay Appeal, Rule 60(b) Appeal, and Rule 59(e) Appeal—before Judge Kinkeade. Although Dugaboy did not contest any of the Rule 42(a) factors governing consolidation, Dugaboy opposed that relief. Highland's Consolidation Motion was fully briefed as of approximately 5:00 p.m. CDT yesterday (September 10); for notice purposes, those motion papers were filed before all four courts (Judges Kinkeade, Scholer, Starr, and Fitzwater), although Highland requested that Judge Kinkeade—presiding over the first-filed appeal—rule on the motion. Late last night, Dugaboy filed the instant motion in this Court, seeking to consolidate *only* the Rule 60(b) Appeal and Rule 59(e) Appeal,

[1] Unless otherwise indicated, all capitalized terms have the same meanings as in Highland Capital Management, L.P. and the Highland Claimant Trust's Motion to Consolidate Bankruptcy Appeals, filed in 3:25-cv-01876-K, Dkt. No. 72; 3:25-cv-02072-S, Dkt. No. 19; 3:26-cv-02315-X, Dkt. No. 26; 3:26-cv-02496-D, Dkt. No. 16.

which order would effectively and preemptively deny the relief sought in the already pending Highland Consolidation Motion.

2. Dugaboy's motion should be denied because the first-filed, fully briefed Highland Consolidation Motion should be granted, and *all four* of these inextricably related appeals should be consolidated for the reasons set forth in those pleadings. *See* Highland's Mot. to Consolidate Bankr. Appeals (3:25-cv-01876-K, Dkt. No. 72; 3:25-cv-02072-S, Dkt. No. 19; 3:26-cv-02315-X, Dkt. No. 26; 3:26-cv-02496-D, Dkt. No. 16); Highland's Reply in Further Support (3:25-cv-01876-K, Dkt. No. 80; 3:25-cv-02072-S, Dkt. No. 24; 3:26-cv-02315-X, Dkt. No. 32; 3:26-cv-02496-D, Dkt. No. 22). We need not repeat those arguments here, and Heaven knows this Court is unlikely to welcome another ream of paper on the topic. Nor is it clear why Dugaboy even believed it necessary or proper to file this motion, since in opposing the Highland Consolidation Motion Dugaboy conceded that the Rule 60(b) and Rule 59(e) Appeals should be consolidated and essentially invited Judge Kinkeade to order the relief it seeks here. Whatever Dugaboy's motives, the result required by law and common sense remains: all four appeals should be consolidated before Judge Kinkeade, who was assigned the first-filed appeal, for decision *seriatim* on the appropriate record for each appeal. This latest attempt by Dugaboy to clog the Court's docket and delay these proceedings should be denied.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Highland respectfully requests that this Court deny Dugaboy's Motion.

Dated: September 11, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz
John A. Morris
Gregory V. Demo
Jordan A. Kroop
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760
Email: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
jkroop@pszjlaw.com

**WILLKIE FARR & GALLAGHER LLP**

Mark T. Stancil
(*admitted pro hac vice*)
Joshua S. Levy
(*admitted pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 303-1000
mstancil@willkie.com
jlevy@willkie.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expwy, Ste. 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains 442 words.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, typeface Times New Roman, 14-point type (12-point type in footnotes).

*<u>/s/ Zachery Z. Annable</u>*
Zachery Z. Annable

## CERTIFICATE OF SERVICE

I hereby certify that, on September 11, 2026, a true and correct copy of the foregoing Objection was served electronically via the Court's CM/ECF system upon all parties receiving electronic notice in this case.

*/s/ Zachery Z. Annable*
Zachery Z. Annable