PACHULSKI STANG ZIEHL & JONES

LOS ANGELES
10100 SANTA MONICA BLVD. 13TH FL.
LOS ANGELES, CALIFORNIA 90067-4003
310.277.6910

NEW YORK
1700 BROADWAY, 36TH FL.
NEW YORK, NEW YORK 10019
212.561.7700

WILMINGTON
919 NORTH MARKET STREET, 17TH FLOOR,
P.O. BOX 8705
WILMINGTON, DELAWARE 19899-8705
302.652.4100

HOUSTON
700 LOUISIANA STREET, STE. 4500
HOUSTON, TEXAS 77002
713.691.9385

SAN FRANCISCO
ONE SANSOME STREET, 34TH FL. STE. 3430
SAN FRANCISCO, CALIFORNIA 94104
415.263.7000

John A. Morris
212.561.7760
jmorris@pszjlaw.com

September 16, 2026

The Honorable Brantley Starr
United States District Judge
Northern District of Texas
Earle Cabell Federal Building
and U.S. Courthouse
1100 Commerce St, Room 1528
Dallas, TX 75242

Re: **The Dugaboy Investment Trust v. Highland Capital Management, L.P., Case No. 3:26-cv-02315-X (Appellants' Motion for Certification of Direct Appeal Under 28 U.S.C. § 158(d)(2))**

Dear Judge Starr:

We represent Highland Capital Management, L.P. ("Highland") in the above-referenced appeal and write in response to the letter dated August 21, 2026 (a copy of which Highland only received on September 15) and submitted by the Attorney General of the State of Oklahoma ("Oklahoma's Letter"). A copy of Oklahoma's Letter is attached hereto as **Exhibit A**. Highland respectfully requests that the Court disregard Oklahoma's Letter for at least the following reasons:

- Neither Attorney General Drummond nor the State of Oklahoma has ever appeared in the Highland bankruptcy case, and to the best of my knowledge Highland has never done any business in Oklahoma and is not authorized to do business in that state;

- The State of Oklahoma has never had an allowed claim against Highland, is not a beneficiary under the Highland Claimant Trust, and is not (and never has been) a "party in interest" in the Highland bankruptcy case,

- The State of Oklahoma resides within the Tenth Circuit, not the Fifth Circuit, and thus cannot plausibly claim a particular interest in whether the issues in this appeal are certified for immediate review in the latter court of appeals,

- Despite claiming to have responsibility "representing the public's interest in charitable assets," the State of Oklahoma has never asserted itself in any aspect of the long history of litigation concerning Mr. Dondero's Donor Advised Fund,

- The Attorney General admits that he has no knowledge of wrongdoing in this case and offers only a conclusory contention that direct review is warranted. *But see* Highland's brief in opposition to Appellant's motion (Doc 25).

It appears that the only relationship between the State of Oklahoma and this case lies in the connection between the letter's author and one of The Dugaboy Investment Trust's ("Dugaboy") lawyers. More particularly, on August 21, 2026 (the same date as Oklahoma's Letter), Mr. Michael Brummage—counsel to appellant Dugaboy—strongly and publicly endorsed Attorney General Drummond in his run for Governor. Michael Burrage, "My opinion about the Oklahoma governor's race," *Durant Democrat* (Aug. 21, 2026) (available at https://www.durantdemocrat.com/news/my-opinion-about-oklahoma-governors-race ).

In light of the foregoing, Highland respectfully submits that it would be inappropriate to give any weight to Oklahoma's Letter.

Respectfully submitted,

*/s/ John A. Morris*

John A. Morris

# EXHIBIT A

GENTNER DRUMMOND
ATTORNEY GENERAL

August 21, 2026

The Honorable Brantley Starr
United States District Judge
Northern District of Texas
Earle Cabell Federal Building and U.S. Courthouse
1100 Commerce St, Room 1528,
Dallas, TX 75242

**Re: In re Highland Capital Management, L.P., Case No. 19-34054-sgj11 - Certification of Direct Appeal Under 28 U.S.C. § 158(d)(2)**

Dear Judge Starr:

The State of Oklahoma respectfully submits this letter in support of certification of a direct appeal to the United States Court of Appeals for the Fifth Circuit from the Court's June 15, 2026 order denying relief under Rule 60. Dkt. No. 4678. Oklahoma understands that this letter will be submitted as an exhibit to the Motion for Certification of Direct Appeal filed by The Dugaboy Investment Trust, and Oklahoma seeks no relief independent of that motion. Oklahoma takes no position on the merits of the Rule 60 motion, on any disputed fact, or on the conduct of any party or fiduciary. Its interest is narrower and institutional: the order presents questions of law that satisfy the certification standards of 28 U.S.C. § 158(d)(2), and their resolution by the court of appeals matters to every State charged with protecting charitable assets.

Oklahoma's interest arises from the Attorney General's traditional public role. The Oklahoma Attorney General is a constitutional officer and the State's chief law officer, authorized to appear when the interests of the State or its people are at issue. Okla. Const. art. VI, § 1; Okla. Stat. tit. 74, §§ 18, 18b(A)(3). Like his counterparts nationwide, he also bears the common-law responsibility of representing the public's interest in charitable assets-a responsibility that exists because charitable beneficiaries are often indefinite and cannot enforce fiduciary duties themselves. Donor-advised funds now carry a substantial share of that public trust. The DAF Research Collaborative's Spring 2026 update reports approximately 3.59 million donor-advised-fund accounts holding $327.87 billion in assets, with $64.60 billion in grants in fiscal year 2024. Because DAF sponsors, donors, and grantee charities routinely operate across state lines, the questions presented here reach Oklahoma's donors and charitable institutions no less than those of any other State.

Those questions satisfy the statute. Certification is warranted-and, upon the requisite determination, required-where an order "involves a question of law as to which there is no controlling decision" of the court of appeals or the Supreme Court, "involves a matter of public

importance," or presents an appeal whose direct review "may materially advance the progress of the case." 28 U.S.C. § 158(d)(2)(A)(i), (iii); *see id.* § 158(d)(2)(B) (court "shall make the certification" upon determining that a specified circumstance exists). Each independent ground is present.

First, there is no controlling decision. In *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 226-27 (2024), the Supreme Court expressly reserved the question of what qualifies as a consensual release. The Rule 60 proceedings present a closely related and equally unresolved question: how a court should evaluate settlement authority and consent when later-developed evidence bears on claim ownership, signatory authority, and the alignment of the parties said to have consented. Neither the Fifth Circuit nor the Supreme Court has addressed how the materiality standard under Rule 60 applies where the challenged conduct also implicates a State's charitable-enforcement jurisdiction.

Second, the matter is one of public importance. The motion describes a layered, multistate charitable structure involving four established community foundations and entities alleged to have held more than $270 million. On July 9, 2025, the Texas Attorney General advised this Court that his office represents the public's interest in charity, that it had issued Civil Investigative Demands to persons and entities involved in this proceeding, and that it sought a short pause to assess whether further action was necessary. Bankr. Dkt. 4308. Oklahoma expresses no view on the subjects, merits, or outcome of that investigation. The submission's significance is institutional: a sovereign regulator alerted a federal court that public-law interests were under examination while the case moved toward settlement and release. Whether, and how, such a sovereign submission bears on federal settlement review is a recurring question at the boundary of federal bankruptcy administration and state charity supervision, and it warrants an answer from the court of appeals.

Third, direct review may materially advance this long-running proceeding. The certified questions are purely legal. Their resolution does not depend on further factfinding, and controlling guidance from the Fifth Circuit in a single step would supply a definitive framework for this order and for any related proceedings, in whichever direction that guidance runs.

Certification would not resolve any factual dispute, disturb any finding of this Court, or confer any remedy, and the court of appeals would retain full discretion whether to authorize the appeal. 28 U.S.C. § 158(d)(2)(A). It would ensure only that recurring legal questions affecting charitable assets in every State receive a controlling answer. Oklahoma therefore respectfully supports certification under 28 U.S.C. § 158(d)(2).

Respectfully,

GENTNER DRUMMOND
*Attorney General*