PACHULSKI STANG ZIEHL & JONES

LOS ANGELES
10100 SANTA MONICA BLVD. 13TH FL.
LOS ANGELES, CALIFORNIA 90067-4003
310.277.6910

NEW YORK
1700 BROADWAY, 36TH FL.
NEW YORK, NEW YORK 10019
212.561.7700

WILMINGTON
919 NORTH MARKET STREET, 17TH FLOOR,
P.O. BOX 8705
WILMINGTON, DELAWARE 19899-8705
302.652.4100

HOUSTON
700 LOUISIANA STREET, STE. 4500
HOUSTON, TEXAS 77002
713.691.9385

SAN FRANCISCO
ONE SANSOME STREET, 34TH FL. STE. 3430
SAN FRANCISCO, CALIFORNIA 94104
415.263.7000

John A. Morris

212.561.7760
jmorris@pszjlaw.com

September 18, 2026

The Honorable Brantley Starr
United States District Judge
Northern District of Texas
Earle Cabell Federal Building
and U.S. Courthouse
1100 Commerce St, Room 1528
Dallas, TX 75242

Re: **The Dugaboy Investment Trust v. Highland Capital Management, L.P., Case No. 3:26-cv-02315-X (Appellants' Motion for Certification of Direct Appeal Under 28 U.S.C. § 158(d)(2))**

Dear Judge Starr:

We represent Highland Capital Management, L.P. ("Highland") in the above-referenced appeal. While we are loath to burden the Court, it has now become clear that James Dondero, acting on behalf of his trust, The Dugaboy Investment Trust ("Dugaboy"), is engaged in a scheme to make it appear that there is a sudden groundswell of interest by numerous state Attorneys General in the seven-year-old Highland case, particularly the Rule 9019 settlement approved in June 2025.

On September 16, 2026, Highland filed a letter with the Court addressing a peculiar letter sent by the Attorney General of the State of Oklahoma. The Oklahoma Attorney General's letter was unusual because Oklahoma has no direct interest in the Highland bankruptcy case or in the private dispute between Mr. Dondero and Mark Patrick. ECF Doc. 35.

On September 17, 2026, at 9:27 a.m., we received another letter, this one from the Attorney General of the State of Iowa (a copy of which is attached as **Exhibit A**). The State of Iowa likewise has no apparent connection to Highland, Mr. Patrick, Mr. Dondero, or even the Fifth Circuit. More troubling still is that the Iowa Letter is nearly

identical to the Oklahoma Letter (but for changes to reflect the statutes of the respective states). Attached as **Exhibit B** is a black line comparing the two letters, showing the exact same language was used in substantial portions of the letters.

These developments would be highly suspicious by themselves, but at 11:45 a.m. yesterday morning, counsel for Highland was copied on an e-mail string that revealed the true origin of this sudden purported interest among state Attorneys General: **Mr. Dondero and Dugaboy have apparently hired a Washington D.C. commercial organization called "Attorney General Strategies LLC" to procure support for Mr. Dondero's crusade.** (*See* https://attorneygeneralstrategies.com). That email indicates that Mr. Dondero's lobbying effort continues to be aimed indiscriminately, including at states with no connection to the Highland case (in the email, it is the State of South Dakota). A copy of the e-mail string is attached as **Exhibit C**.

To emphasize the point, at 5:51 p.m. yesterday, the Attorney General of the State of Montana sent yet another letter (a copy of which is attached as **Exhibit D**), which, again, comes from a state with no connection to the Highland case and is nearly identical to the Attorney General of Oklahoma's letter (see the black line attached as **Exhibit E**).

At the very least, it is troubling that Dugaboy and Mr. Dondero have concealed their obvious role in orchestrating this letter-writing campaign, their engagement of Attorney General Strategies LLC, and the extent to which that firm and the players in this covert effort have been compensated for procuring such purportedly spontaneous submissions

We understand Dugaboy intends to ignore Highland's previously filed and fully briefed motion to have this appeal designated as "related" to the Rule 9019 Appeal (*see* ECF Doc. 4) and its own motion to consolidate this appeal and the Rule 59 Appeal pending before Judge Fitzwater (*see* ECF Doc. 33) and will instead move to have Highland's motion to consolidate stayed in favor of direct review of this appeal. Highland will oppose that motion in due course but leaves it to the Court to decide whether to inquire into the matters addressed herein.

In any event, for the reasons set out in our letter to the Court of September 16, we respectfully request that this Court ignore the letters from persons and entities that are not parties in interest in this bankruptcy case and the related appeals.

Highland otherwise reserves all rights.

Respectfully submitted,

*/s/ John A. Morris*

John A. Morris