**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | ) | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| THE DUGABOY INVESTMENT TRUST,<br><br>Appellant,<br><br>v.<br><br>HIGHLAND CLAIMANT TRUST,<br><br>Appellee. | ) | On Appeal to the U.S. District Court for the Northern District of Texas<br><br>**Case No. 3:26-cv-02315-X**<br><br>Case No. 3:26-cv-02496-D |

**APPELLANT THE DUGABOY INVESTMENT TRUST'S REPLY IN SUPPORT OF DUGABOY'S MOTION TO CONSOLIDATE BANKRUPTCY APPEALS**

Appellant the Dugaboy Investment Trust replies in support of its motion to consolidate (Dkt. 33). Appellee's arguments against the two-case consolidation urged in that motion are without merit. The Court should consolidate the Rule 60(b) and Rule 59(e) appeals (Nos. 3:26-cv-02315-X and 3:26-cv-02496-D).

## INTRODUCTION

The instant motion to consolidate concerns two appeals that are from orders arising from the same evidentiary hearing and are separated by a few weeks. The first appeal concerns an order declining a Rule 60(b) motion to vacate the Bankruptcy Court's approval of a settlement between Highland and a trust that was supposed to be holding much of Highland's equity for charitable benefit. The grounds for that motion were intervening evidence, coming to light after the approval, that the administrator of the trust, and the person authorizing the settlement with Highland, had gone rogue and stolen the equity and hundreds of millions in other assets from their charitable owners. The Bankruptcy Court declined to vacate the settlement approval based on this intervening evidence in June 2026. The second appeal arises from an order that rejected a request—made two weeks later—for the Bankruptcy Court to reconsider that declination. It was not based on intervening events but simply pointing out that the Bankruptcy Court had misapprehended the facts and the law a couple weeks earlier. There is no substantive or temporal daylight between the two appeals.

Both parties agree that the Rule 60(b) and Rule 59(e) Appeals should be consolidated with each other, and Dugaboy's Motion before this Court will do exactly that. Highland nonetheless contends Dugaboy's Motion will somehow preempt or interfere with Highland's own bid before Judge Kinkeade to consolidate these appeals with two others that are manifestly unsuitable for consolidation due to their vast differences in timing, issues, and appellate records.[1] Insisting that "law and common sense" dictate the consolidation of all four appeals into that proceeding, Highland demands that this Court deny Dugaboy's "improper" bid to consolidate two of those appeals here and now.[2] Dkt. 34 at 1–2.

Highland's objection is not well taken. Granting Dugaboy's Motion to consolidate the Rule 60(b) and Rule 59(e) appeals in this Court has independent merit. If consolidating these two appeals (and not others) is the right answer, filing the instant motion before this Court is the only way to accomplish that, as the motion must be filed in the Court where the first of the appeals proposed to be consolidated was initiated. *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th

---

[1] *See* No. 3:25-cv-01876-K, Dkt. 72 (Highland Motion), 73 (Dugaboy Response), 80 (Highland Reply).

[2] The four appeals implicated in Highland's Motion to Consolidate are the "Rule 9019 Appeal," (Case No. 3:25-cv-01876-K, Judge Kinkeade), the "Stay Appeal," (Case No. 3:25-cv-02072-S, Judge Scholer), the Rule 60(b) Appeal (Case Nos. 3:26-cv-02315-X, this Court), and the Rule 59(e) Appeal (3:26-cv-02496-D, Judge Fitzwater). *See* 1876-K case, Dkt. 72 (Highland's Motion); 73 (Dugaboy's Response); Dkt. 80 (Highland's Reply). Each of these motion papers has also been filed on this Court's docket at Dkts. 26, 29, and 32 respectively.

Cir. 1999) (explaining "first-to-file" rule). Any effort at further consolidation, in any event, should await this Court's decision on whether to certify the Rule 60(b) appeal to the United States Court of Appeals for the Fifth Circuit. That request is pending before this Court.

## ARGUMENT

### A. All Parties Appear to Agree That the Two June/July 2026 Appeals Should be Consolidated.

Notably absent from Highland's opposition brief is any argument of substance against consolidating the Rule 60(b) and Rule 59(e) Appeals. Highland cannot deny that combining these two proceedings will serve judicial economy: Both appeals arise from the same Rule 60(b) proceeding, present overlapping issues, and feature nearly identical records on appeal. *See* Dugaboy Mot., Dkt. 33 at 7–8.

That the two appeals are distinct is only a matter of nuances in the timing of the notices of appeal. Highland does not let procedural issues go unargued in any setting. So Dugaboy filed its notice of appeal of the Bankruptcy Court's decision not to vacate the June 2025 settlement approval hours after asking that court to reconsider it because it had misapprehended the law and facts leading to that decision. The motion for reconsideration and the notice of appeal of the declination to vacate through Rule 60(b) were due on the same day: June 29, 2026. Although the Rule 59(e) motion to reconsider or alter would have ordinarily tolled the time for filing the notice of appeal, Dugaboy wanted to remove all doubt that it had timely

appealed the declination to vacate, given its importance. So it utilized a Bankruptcy Rule of Procedure 8002, which made the notice of appeal effective the moment the motion for reconsideration filed hours earlier was resolved. The Bankruptcy Court declined the motion for reconsideration on July 10, 2026, making the notice of appeal effective. And Dugaboy appealed the denial of the motion for reconsideration later, in an abundance of caution, to make sure all arguments were before the appellate courts. The main action in this case, however, was always going to be in the direct appeal of the June 2026 declination to vacate.

Had Dugaboy proceeded differently and waited to file the notice of appeal of the declination to vacate until after the motion for reconsideration was decided, there only would have been one appeal. The instant motion for consolidation cleans up that artifact of notice of appeal timing.

Nor does Highland ever contend that a consolidation of the two June/July 2026 appeals would be improper in terms of the substantive factors that inform the consolidation analysis. Dkt. 34 at 1–2; *see, e.g.*, *Air Vent, Inc. v. Powermax Elec. Co.*, No. 3:23-CV-01476-X, 2025 WL 2684328, at *1 (N.D. Tex. Sept. 5, 2025) (discussing factors).

Nor will Highland suffer any prejudice from granting Dugaboy's Motion, and Highland has not meaningfully suggested otherwise. Yes, Highland wants this appeal to be consolidated with not one other, but three others, and its motion to do

so is pending elsewhere. That broader motion is without merit. The orders that led to those appeals occurred a year earlier, in June and July 2025, and arise from separate evidentiary records. Those earlier appeals are so far down the road that one has long been fully briefed. In any event, that broader consolidation effort should await this Court's resolution of whether the June 2026 Rule 60(b) appeal—focused on the intervening evidence of the settlement counterparty's misconduct—raises the matters of substantial public importance that merit direct circuit review.

### B. Dugaboy's Motion Is the Only Proper Approach Under the First-to-File Rule

What happened here was not strategic. Given the good faith and ultimately correct view that only two of these appeals should be consolidated, the only course of action available was to ask this Court to do so. Only the district judge before whom the first filed appeal among those proposed to be consolidated can order it. *See* Fed. R. Bankr. P. 8003(b)(2); *see, e.g.*, *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997) (explaining first-to-file rule). Dugaboy simply could not have brought this narrower request before Judge Kinkeade.[3]

[3] Thus, Highland gets it exactly backward in asserting that Dugaboy has "essentially invited" ***Judge Kinkeade*** to order the consolidation of the Rule 60(b) and Rule 59(e) reconsideration appeals. Dkt. 34 at 2.

## CONCLUSION

Both parties agree that the Rule 60(b) and Rule 59(e) appeals should be consolidated. Doing so will promote judicial economy. This Court should grant Dugaboy's Motion and consolidate Case No. 3:26-cv-02496-D into Case No. 3:26-cv-02315-X.

Dated: September 18, 2026

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ *Michael J. Edney*
Michael J. Edney
D.C. Bar No. 492024
michael.edney@morganlewis.com
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
T. (202) 739-3000
F. (202) 739-3001

Avery Joseph Welker
Texas Bar No. 24137706
avery.welker@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Tel.: (713) 890-5000
Fax: (713) 890-5001

Geoffrey S. Harper
Texas Bar No. 00795408
gharper@kslaw.com
John Michael Gaddis
Texas Bar No. 24069747
mgaddis@kslaw.com
KING & SPALDING LLP
2601 Olive Street, Suite 2300
Dallas, TX 75201
(214) 764-4600

***Counsel for Appellant The Dugaboy Investment Trust***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 18, 2026, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

/s/ *Michael J. Edney*
Michael J. Edney

## CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(C) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains **1,264** words.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, typeface Times New Roman, 14-point type (12-point type of footnotes).

/s/ *Michael J. Edney*
Michael J. Edney