The Honorable Brantley Starr
United States District Judge
Northern District of Texas
Earle Cabell Federal Building
1100 Commerce St, Room 1528
Dallas, TX 75242

**Re: Response to September 16 and September 18, 2026, letters from Counsel for Highland Capital Management, L.P., Docket Nos. 35 and 36 in *The Dugaboy Investment Trust v. Highland Capital Management, L.P.*, Case No. 3:26-CV-2315-X**

Dear Judge Starr,

Opposing counsel doth protest too much.[1]

First, I am unaware of anyone on the Dugaboy side of the "v." engaging Attorney General Strategies. But even if we had engaged them, opposing counsel's acrimony is overwrought as soliciting Attorneys General to participate as amici is not an uncommon litigant strategy. *See, e.g.*, Attachment A. In fact, this practice is so common that opposing counsel's use of the word "troubling" to describe it was inapt. Dkt. 36 at 2. A more accurate word would be "normal." *See, e.g.*, Louisiana AG's [List of Copious Amounts of] Amicus Briefs (https://ag.louisiana.gov/Amicus). Illustrative of how normal it is, on the Attorney General of New York's website she provides a detailed "how to get New York as an amici" wherein she discusses how normal "[r]equests for amicus briefs are received...from any number of sources, including...the National Association of Attorneys General...and interest groups" (https://tinyurl.com/bdzea9vd).

Second, the vast majority of Attorneys General are State-wide elected officials, and every Attorney General exercises independent judgment in legal matters on behalf of what they view as the public interest of their State. At worst, suggesting undue influence by Judge Burrage[2] and others or, at best, suggesting unthinking acquiescence to an effort to corral amici, is preposterous. Most, if not all, Attorneys General possess oversight power over charitable trusts within their States. The situation in this case is one where an individual appears to have leveraged an incredibly complex bankruptcy settlement to unlawfully take potentially hundreds of millions of dollars, and the bankruptcy judge did nothing to stop it. Given those facts

[1] And perhaps should re-read *Dondi Properties Corp. v. Commerce Savings & Loan Assoc.*, 121 F.R.D. 284 (N.D. Tex. 1988).

[2] To be crystal clear, retired Judge Michael Burrage did not assist in obtaining any letter from the Oklahoma Attorney General in this case and opposing counsel's insinuations are inappropriate. *See Id.*

and Attorneys General's common law responsibilities over charitable trusts, it should surprise no one that certain Attorneys Generals joined an effort to ensure bankruptcy judges apply a uniform standard that protects bankruptcy proceedings from a potential hijacking by a fraudster.

Third, if there is any group of individuals a court should listen to when considering whether a particular question is of significant public importance to justify certification under 28 U.S.C. § 158(d)(2)(A), it is that group most responsive to the electorate, *i.e.*, Attorneys General elected by the public. The public elects officers they believe care most about what is important to that voting public. In this case, those officers want to ensure charities function as charities and not sources of self-enrichment, and that federal bankruptcy settlements aren't used as a workaround of law and regulations. *See* Attachments B-H (Letters from the Iowa, Indiana, Montana, Oklahoma, South Dakota, West Virginia, and Louisiana AGs, respectively).

Opposing counsel can try to construe the commonplace as conspiracy, but the bottom line is that the Court should duly consider the concerns expressed by those entrusted by ancient common law and contemporary citizen voters to oversee charitable trusts. This is especially so when it involves a question about what is or is not a transcendent matter of public importance.

Respectfully submitted,

Michael Burrage
OBA No. 1350
mburrage@whittenburragelaw.com
512 N. Broadway Ave., Ste. 300
Oklahoma City, OK 73102
T. (405) 516-7800
F. (405) 516-7859

Joseph N. Mazzara (*pro hac vice* pending)
Texas Bar No. 24136521
joseph.mazzara86@gmail.com
1704 N Royal Ave
Front Royal, VA 22639
Tel.: (540) 660-2142